UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ENRIQUEZ, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>THE CITY OF CHULA VISTA, et al.,<br><br>               Defendants. | Case No.:  25-cv-3832-BTM-DEB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A LIMITED PROTECTIVE ORDER AGAINST PUBLICATION OF VIDEO OF THE SUBJECT INCIDENT**<br><br>**[DKT. NO. 19]** |

## I.    Introduction

Before the Court is Defendants' Motion for Limited Protective Order Against Publication of Video of the Subject Incident, and Related Evidence-Based Litigation in the Press, Before a Trial Verdict. Dkt. No. 19. Defendants ask the Court to grant a protective order preventing all parties from publishing before trial, or otherwise releasing, the body worn camera ("BWC") videos, and comparable video or photographic evidence, of the officer-involved shooting at issue in this case. For the reasons discussed below, the Court **DENIES** the Motion.

## II.    Procedural and Factual Background

This case arises out of the shooting of Carlos Enriquez by Chula Vista Police Department officers. Dkt. No. 1 at 2–3. Forty-four days after the shooting, the City of Chula

Vista posted a link to an edited video of the shooting on its website. Dkt. No. 19 at 10. The video included excerpts of BWC and drone footage, 911 calls, and police conversations with Mr. Enriquez's family prior to the shooting. Dkt. No. 20 at 2.

Defendants now move for a protective order prohibiting further release of any audio or video of the shooting. Defendants fear that release of audio or video would "irreparably prejudice[]" their right to a fair trial. Dkt. No. 19 at 7, 14.

Plaintiffs oppose the Motion, arguing that Defendants have already released the videos and that the California Public Records Act gives the public a right to them. Dkt. No. 20 at 5. Plaintiffs further allege that Defendants "never point to content in the videos that might be improper or prejudicial" or "explain why releasing complete videos of the shooting likely years before trial . . . would somehow risk tainting a jury pool in a way that keeps otherwise nonconfidential pretrial discovery from public view." Dkt. No. 20 at 7.

### III.   <u>Legal Standards</u>

Federal Rule of Civil Procedure 26(c)(1) authorizes the court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel*. *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

The Ninth Circuit has adopted a two-step test for evaluating the appropriateness of a protective order. *See Phillips*, 307 F.3d at 1210–11. First, the Court must consider whether "particularized harm will result from disclosure of information to the public." *Id.* at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476 (citation omitted).

Second, "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citing *Glenmede Tr. Co. v.*

25-cv-3832-BTM-DEB

*Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)). The Ninth Circuit has "directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede* . . . ." *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Phillips*, 307 F.3d at 1211). The *Glenmede* factors include:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is public entity or official; and (7) whether the case involves issues important to the public.

*Glenmede*, 56 F.3d at 483.

## IV.   Discussion

Applying the *Glenmede* factors, the Court finds Defendants have not established that particularized harm will result in the absence of a protective order. The Court, however, directs the parties to meet and confer over appropriate redactions to address any threats to safety or privacy that may arise out of public release of the audios and/or videos.

### A. *Particularized Harm*

Defendants contend that allowing Plaintiffs to release unredacted, raw footage "would invite selective interpretation and emotional reaction on a partisan issue: thereby contaminating the potential jury pool before this matter is ever presented in court." Dkt. No. 19 at 12. Defendants, however, rely on cases involving unique circumstances not present here. *See Levine v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 764 F.2d 590, 592-97 (9th Cir. 1985) (approving gag order in criminal espionage case that "received extensive local and national media coverage" where counsel's comments to the press created a "serious and imminent threat to a fair trial"); *Doe v. Rose*, No. CV-15-07503-MWF-JCx, 2016 WL 9107137 at *1-3 (C.D. Cal. Sept. 30, 2016) (restraining attorneys from further communications with the press in high-profile sexual assault case against celebrity NBA

25-cv-3832-BTM-DEB

players following counsels' "attempts to woo the press with salacious details and outlandish claims" and a "recent flurry of publicity . . . [that] threatens to create a 'circus-like environment' that would deprive both Plaintiff and Defendants of their rights to a fair trial.").

Unlike *Levine* and *Rose*, there is no evidence this case has received a level of press coverage or public interest that threatens a fair trial. Moreover, the Southern District of California draws jurors from a large, heterogeneous, metropolitan area, where "pretrial publicity is less likely to threaten fairness of trial . . . ." *In re Dan Farr Prods.*, 874 F.3d 590, 595 (9th Cir. 2017) (citing *Hunt v. Nat'l Broad. Co.*, 872 F.2d 289, 295 (9th Cir. 1989) (affirming denial of a restraining order against broadcast of a docudrama because, among other reasons, the jury would be drawn from a "populous, heterogeneous metropolitan area where prejudicial publicity is less likely to endanger the defendant's right to a fair trial").

Although styled as a Motion for a Limited Protective Order Against Publication of Video of the Subject Incident, Defendants' Motion is predicated less on preventing public release of the audio and video (they are, after all, available to the public under California law)[1] than on fears that Plaintiffs' counsel will use them "to conduct an argumentative publicity campaign . . . to taint the jury pool . . . ." Dkt. No. 19 at 7. Defendants, however, have submitted no evidence that Plaintiffs' counsel has said or done anything untoward or inappropriate in this case. And "Defendants' broad conjecture about what might happen if the BWC footage is publicly disclosed does not constitute a plausible allegation of 'particularized' harm." *Gonzales v. City of San Jose*, No. 19-cv-08195-NC, 2020 WL 4430799, at *4 (N.D. Cal. July 31, 2020). The Court is confident that all counsel will continue to honor their ethical obligation to take no action designed to taint the jury pool or deprive either side of a fair trial. *See Levine*, 764 F.2d at 595 ("As officers of the court, . . . attorneys have a fiduciary responsibility not to engage in public debate that will redound to the detriment of the accused or that will obstruct the fair administration of justice.")

---

[1] *See* Cal. Gov. Code § 7923.625(a); Cal. Penal Code § 832.7(b)(1).

(quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 601 n.27 (1976) (Brennan, J., concurring)).

In sum, the Court finds that Defendants have not established a particularized harm will result if the audio and video footage is not subject to a protective order. *See, e.g., Sampson v. City of El Centro*, 14-cv-1807-L-DHB, 2015 WL 11658713, *7 (S.D. Cal. Aug. 31, 2015) ("The Court finds Defendants' fear that disclosure could taint the jury pool is too speculative and broad to meet their burden of demonstrating particularized harm."); *LaRocca v. City of Los Angeles*, No. 2:22-cv-06948-SVW-PDx, 2023 WL 4291066, *4 (C.D. Cal. May 31, 2023) ("Defendants have failed to meet their burden of establishing good cause to maintain the confidentiality of the BWC footage under the Protective Order pursuant to Rule 26(c)."); *Gonzales*, 2020 WL 4430799, at *5 ("The Court . . . FINDS that Defendants failed to show a particularized harm . . . [and e]ven if Defendants had alleged plausible particularized harm, the Court also FINDS that the public interest in disclosure of the video sharply outweighs the SJPD's and Officer Lezama's private interest in keeping the footage confidential."). The Court, therefore, denies Defendants' Motion for a Limited Protective Order.

## B. Redactions

Although the Court declines to subject the BWC footage to a protective order, the Court orders the parties to meet and confer regarding appropriate redactions to any publicly released audio or video footage, including redactions necessary to address safety and privacy concerns. *See Sampson*, 2015 WL 11658713, at *7 ("[T]hird party privacy interests are easily protected by redacting or blurring out faces and other identifying information.").

## C. Attorneys' Fees

Plaintiffs seek their attorneys' fees incurred in opposing Defendants' Motion. Dkt. No. 20 at 11. Under Rule 37, the Court must award fees to the prevailing party unless it finds the Motion was "substantially justified or other circumstances make an award unjust." Fed. R. Civ. P. 37(a)(5)(B); *see* Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses.").

Here, Defendants' Motion was motivated by Plaintiffs' counsel's stated consideration of holding "a press conference where they would present and publish their factual arguments, and supporting video evidence, to the public." Dkt. No. 19-1 at 2 (McLaughlin Decl. ¶ 4). This representation created a good faith and justifiable belief that a protective order was necessary to ensure a fair trial. The Court, therefore, declines to award attorneys' fees.

## V. **Conclusion**

Based on the foregoing, Defendants' Motion and Plaintiffs' request for attorneys' fees are **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 16, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge

6

25-cv-3832-BTM-DEB