Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman, APC
770 First Avenue, Suite 250
San Diego, CA 92101
Tel: (619) 677-3015
Fax: (888) 320-9384
shoffmanlaw@gmail.com

Eugene Iredale (SBN 75292)
Julia Yoo (SBN 231163)
Peter Bibring (SBN 223981)
Chelsea Reherman (SBN 343446)
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Tel: (619) 233-1525/Fax: (619) 233-3221

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ

Plaintiff,

v.

THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA, EVAN LINNEY and DOES 1-25.

Defendants.

Case No.: 25-cv-3832-BTM-DEB

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF WITHHELD INTERNAL AFFAIRS, WATTS INCIDENT, AND NUNIS INCIDENT RECORDS**

Hon. Daniel E. Butcher
Courtroom 2B

NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs hereby move for an order compelling Defendant City of Chula Vista to produce withheld records responsive to Plaintiffs' Requests for Production, Set One, Nos. 31 and 33, and Set Two, Nos. 62-67 and 70.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file, the parties' letter briefs, the arguments of counsel, and any further matter the Court may consider.

Counsel certifies that Plaintiffs have conferred in good faith with Defendants in an effort to obtain the withheld discovery without court action. Fed. R. Civ P. 37(a)(1).

## Table of Contents


NOTICE OF MOTION ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

II. INTRODUCTION ........................................................................ 1

III. STATEMENT OF FACTS ................................................................ 2

A. Discovery Requests at Issue ........................................................ 2

1. Documents Related to Use of Force Deaths Involving Defendants Luhta and Linney ........................................................................ 3

2. Personnel Files ........................................................................ 4

IV. LEGAL STANDARD ........................................................................ 5

V. ARGUMENT ........................................................................ 7

A. Plaintiff is entitled to documents related to prior fatal use-of-force incidents by defendant officers. ........................................................................ 7

1. The Watts Incident Records Must Be Produced. ........................................ 9

2. The Nunis Incident Records Must Be Produced. ........................................ 10

3. Investigation of Luhta's deployment of a K-9 ........................................ 11

B. The withheld Internal Affairs records likely contain relevant material and should be submitted for in camera review. ........................................ 11

1. Defendants Did Not Provide the Representation the Court Requested. .... 13

C. Privacy and Confidentiality Concerns Do Not Justify Withholding Relevant Records. ........................................................................ 14

D. The Court Should Compel Production or Order In Camera Review. ........... 15

VI. CONCLUSION ........................................................................ 16

# Table of Authorities

## Cases

*Aleman v. Riverside Cnty. Sheriff's Dep't*, No. EDCV 22-269-CJC (KK), 2023 WL 4680925, at *3 (C.D. Cal. June 9, 2023) .......... 12

*Alford v. Beck.*, No. CV148874FMOAGRX, 2017 WL 11631965 (C.D. Cal. Mar. 3, 2017) .......... 16, 17

*Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) .......... 13

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1147-49 (9th Cir. 2005) .......... 11

*Burt v. Ramos*, No. 3:24-CV-00662-CAB-VET, 2025 WL 1239621, at *4 (S.D. Cal. Apr. 29, 2025) .......... 12

*Corona v. City of Fontana*, No. 5:22-CV-00034-JGB-SP, 2023 WL 9596831, at *1 (C.D. Cal. Apr. 27, 2023) .......... 15, 16

*Daniels v. Cty. of San Diego*, No. 05CV1130-WQH (NLS), 2006 WL 8455214, at *7 (S.D. Cal. May 30, 2006) .......... 20

*Dowell v. Griffin*, 275 F.R.D. 613 (S.D. Cal. 2011) .......... 19

*Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) .......... 6, 11, 12

*In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) .......... 10

*Kelly v. San Jose,* 114 F.R.D. 653 (N.D. Cal. 1987) .......... 20

*Kerr v. United States Dist. Court for N. Dist.*, 426 U.S. 394 (1976) .......... 18, 21

*Lindsay v. Fontana Police Dep't*, No. 5:22-CV-01356-JWHSHK, 2024 WL 4868189, at *2, *8 (C.D. Cal. Oct. 15, 2024) .......... 12

*Lua v. McNett*, No. 23CV32-JAH (BLM), 2024 WL 1349649, at *9 (S.D. Cal. Mar. 29, 2024) .......... 11, 12

*Miller v. Pancucci*, 141 F.R.D. 292, 297 (C.D. Cal. 1992) .......... 13

*Myles v. County of San Diego,* No. 15cv1985-BEN (BLM), 2016 WL 2343914, at *12 (S.D. Cal. May 4, 2016) .......... 11, 12

*Roettgen v. Foston*, No. 13cv1101-GPC-BGS, 2016 WL 11911155, at *9 (S.D. Cal. May 4, 2016) .......... 11

*Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990) ................................19

*Soto v. City of Concord*, 162 F.R.D. 603, 614–15 (N.D. Cal. 1995).......... 15, 17, 20

*United States v. Zolin*, 491 U.S. 554 (1989) .........................................................18

Velazquez v. City of Long Beach, 793 F.3d 1010, 1028 (9th Cir. 2015) .. 13, 14, 16

**Rules**

Fed. R. Civ. P. 37 ........................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 19, 2025, Carlos Enriquez, a retired Chief Navy Corpsman and 24-year veteran with a service-connected mental health disability, suffered a mental health crisis. Fearing for his safety, his wife and daughter called 911, making clear that he had been drinking heavily but had no animus toward law enforcement and would never harm the police. The Chula Vista Police Department ("CVPD") responded not with a Psychological Emergency Response Team nor with a trained Crisis Intervention Team, but with a heavily armed SWAT officers in an armor-plated military-grade vehicle, who shot and killed Carlos in his own driveway. In this action, Plaintiffs allege that Defendants CVPD officers Perdomo, Buyson, and Luhta used excessive force when they shot Mr. Enriquez, and that Defendant Linney and other supervisors failed to supervise their subordinates and obviate their use of excessive and fatal force. Plaintiffs further allege that the City and its policymakers failed to train, supervise, investigate, and discipline officers for prior force incidents involving mentally ill or emotionally distressed people, and that those failures were a moving force behind Mr. Enriquez's death.

In seeking to prove these claims, Plaintiff in discovery sought records related to prior uses of force by defendant officers as well as misconduct investigations in their personnel files, pursuant to long-established law that "personnel files and internal affairs histories of … named officer defendants … may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers[, and] may also be relevant on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993)

Defendant is withholding relevant and discoverable documents relating to other uses of force and other misconduct, on separate grounds. First, Defendants,

claim that because the documents related to fatal uses of force did not involve shooting and killing someone with a firearm, they are not "sufficiently similar" to this case to justify production — despite the direct involvement of two named defendants in the present case, Defendants Luhta and Linney. But courts have regularly recognized that records of prior use of force incidents are relevant in excessive force cases, without restriction to the identical type of force — and Plaintiff's excessive force claim certainly involves issues that are independent of the type of force, including de-escalation, handling of a person in mental health crisis, supervision of officers and failure to train and discipline.

Second, Defendant City is withholding certain records from Defendant Perdomo's and Luhta's personnel files based on its assertion that they are not relevant. But Plaintiffs are entitled to any documents in the personnel files that may indicate dishonesty by Perdomo or Luhta, or an attempt to hide evidence or wrongdoing or cover up misconduct by themselves or their colleagues — including in investigations into other charges that did not specifically frame separate charges of dishonesty. The Court recognized the possible relevance of these documents during the discovery dispute process and (Plaintiff's counsel understood) requested that Defendants personally review the documents to ascertain if they contain any hint of concealment or dishonesty. They appear not to have done so, but instead only relied on the representation of their client. Plaintiff respectfully requests that the Court reject this as insufficient and order Defendants to produce the material or submit it for *in camera* review.

## II. STATEMENT OF FACTS

### A. Discovery Requests at Issue

Plaintiff, the Estate of Carlos Enriquez, served its first set of requests for production on Defendant City on April 13, 2026. Attached as Exhibit 1 are the relevant portions of Plaintiff's Request for Production (Set One) and Defendant City's subsequent responses. On May 15, 2026, Plaintiff served its second set of

requests for production. Attached as Exhibit 2 are the relevant portions of Plaintiff's Request for Production (Set Two) and Defendant City's subsequent responses.

**1. Documents Related to Use of Force Deaths Involving Defendants Luhta and Linney**

Plaintiff requested records related to the deaths of two individuals: Oral Nunis and Jason Watts. Both deaths involved the use of deadly force committed by officers employed by Defendant City. Defendant Linney was involved in the death of Oral Nunis and Defendant Luhta was involved in the death of Jason Watts. Defendant City is withholding all documents related to the two deaths. Exh. 2, pp. 4-16. In response to RFPs 62-67 and 70, Defendants stated:

> Defendants are currently withholding all responsive records pertaining to the in-custody death of Oral Nunis based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Oral Nunis did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Nunis consisted of manual restraint…Moreover, Sergeant Linney did not use force in the at-issue incident and Plaintiffs only allege liability based on supervisorial liability. See generally Dkt. 25. Thus, the Nunis incident is not sufficiently similar to be discoverable in this matter.

*Id.* at pp. 4-8.

> Defendants are currently withholding all responsive records pertaining to the in-custody death of Jason Watts based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Jason Watts did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Watts consisted

> of: (1) TASER deployment; (2) pepper spray; and (3) manual restraint. Officer Luhta personally deployed his TASER and used manual restraint. Thus, the Watts incident is not sufficiently similar to be discoverable in this matter.

*Id.* at pp. 9, 11-13, 15-16.

### 2. Personnel Files

Plaintiff requested the personnel files of Defendant Alfonso Perdomo and Thomas Luhta. See Exh. 1, pp. 3, 7-8.

> **Request No. 31:** The complete personnel file of Perdomo, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or dispositions of such complaints, for the period from the date of his hire through April 19, 2025. To the extent any responsive records are withheld on privilege or statutory grounds, please identify each withheld document in a privilege log.

*Id.* at p. 3.

> **Request No. 33:** The complete personnel file of Luhta, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or dispositions of such complaints, for the period from the date of his hire through April 19, 2025. To the extent any responsive records are withheld on privilege or statutory grounds, please identify each withheld document in a privilege log.

*Id.* at pp. 7-8.

Defendant is withholding three sets of records contained within Defendant Perdomo's personnel file. *Id.* at pp. 5-6. Defendant City is also withholding three sets of records related to Defendant Luhta. *Id.* at p. 7. Defendant City claims the records sought are "not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case." *Id.* at pp. 3, 6-7.

> The following records are being withheld: (1) CVPD Complaint-Disposition 24-9131 On Officer Perdomo by Sgt. Severance for

> 05/25/24 regarding allegations that Officer Perdomo failed to activate his body worn camera and did not follow a supervisor's instruction; (2) CVPD Complaint-Disposition 25-0018 On Officer Perdomo for 01/17/25 regarding a traffic collision that occurred while Officer Perdomo was on-duty in his patrol vehicle; and (3) CVPD Complaint-Disposition 18-1021 On Officer Perdomo for 10/17/18 regarding Officer Perdomo's verification that a terrific [sic] violation for tinted windows had been corrected by a third-party.

*Id.* at p. 5.

> The following records are being withheld: (1) CVPD Complaint-Disposition 20-0828 On Officer Luhta for 04/09/20 regarding Officer Luhta's deployment of a K-9 on a subject suffering from mental illness; (2) CVPD Complaint-Disposition 20-1369 On Officer Luhta for 02/13/20 regarding Officer Luhta's recording of a conversation between two other CVPD officers; and (3) CVPD Complaint-Disposition 18-0661 On Officer Luhta for 07/23/18 regarding Officer Luhta backing into a safety pole in his patrol vehicle..

*Id.* at p. 7.

On August 12, 2026, the Court held a Zoom discovery conference with counsel for the parties. ECF No. 32. During the conference, the Court indicated that counsel for Defendant should conduct a review of the above withheld records and determine if the documents contained allegations or any information from which an inference of dishonesty could be drawn. Declaration of Chelsea Reherman, ¶ 3. On August 20, counsel for Defendant stated the following: "I have spoken to my client and can confirm, per the Court's request, that none of the withheld IA investigations involve allegations or inferences of dishonesty, so we are not planning to produce them at this time." *Id.* at ¶ 4.

## III. LEGAL STANDARD

Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Relevance for discovery is construed broadly to include matter that bears on, or reasonably could

lead to other matter that could bear on, an issue in the case, but discovery remains subject to proportionality limits. *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020).

Rule 37 authorizes a motion to compel when a party fails to produce documents requested under Rule 34, and an evasive or incomplete response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(3)(B)(iv), 37(a)(4). Objections and privilege assertions must be specific enough to allow the requesting party and the Court to evaluate them; boilerplate objections and blanket refusals are insufficient. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1147-49 (9th Cir. 2005).

In federal civil-rights cases, federal privilege law governs. Police personnel files, internal affairs materials, complaint records, and disciplinary records are discoverable where they may bear on officer credibility, motive, notice to the municipality, ratification, discipline, supervision, training, or a pattern of conduct. *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993); *Myles v. County of San Diego,* No. 15cv1985-BEN (BLM), 2016 WL 2343914, at *12 (S.D. Cal. May 4, 2016); *Roettgen v. Foston*, No. 13cv1101-GPC-BGS, 2016 WL 11911155, at *9 (S.D. Cal. May 4, 2016); *Lua v. McNett*, No. 23CV32-JAH (BLM), 2024 WL 1349649, at *9 (S.D. Cal. Mar. 29, 2024).

The official-information privilege is qualified, not absolute. Courts balance the potential benefits of disclosure against the potential disadvantages, and confidentiality or privacy concerns ordinarily may be addressed through a protective order, redactions, or in camera review rather than categorical withholding. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Soto v. City of Concord*, 162 F.R.D. 603, 613-14 (N.D. Cal. 1995); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-63 (N.D. Cal. 1987).

In excessive-force and *Monell* discovery, the relevant inquiry is not whether each prior incident is identical to the incident at issue. Records concerning prior

force, K-9 deployments, dishonesty, recording or reporting misconduct, discipline, non-discipline, training, supervision, and internal investigations may be discoverable if they bear on the officers' credibility or conduct, the City's notice, or Plaintiffs' claims of failure to train, supervise, discipline, and ratification. *Hampton*, 147 F.R.D. at 229; *Myles*, 2016 WL 2343914, at *12; *Lua*, 2024 WL 1349649, at *9. Where the City withholds such records based on its own characterization of relevance or confidentiality, the Court may compel production subject to the protective order or, at minimum, conduct an *in camera* review.

## IV. ARGUMENT

### A. Plaintiff is entitled to documents related to prior fatal use-of-force incidents by defendant officers.

Courts have consistently held that, in a civil rights case alleging excessive use of force, documents related to prior uses of force by a defendant officer are relevant and must be produced. *See, e.g.*, *Burt v. Ramos*, No. 3:24-CV-00662-CAB-VET, 2025 WL 1239621, at *4 (S.D. Cal. Apr. 29, 2025) (holding documents relating to prior use-of-force incident were "relevant to understanding [Defendant officer's] past conduct, including his past use of force and the context in which that use occurred, and thus relevant to [his] motive, intent, and credibility" and ordering production).

Defendants here argue that production should be limited only to prior uses of force involving similar facts and identical type of force as the present case. But courts have not been so limiting and have often allowed discovery into prior complaints of excessive force, without limitation as to the specific kind of force at issue. *See, e.g., Lindsay v. Fontana Police Dep't*, No. 5:22-CV-01356-JWHSHK, 2024 WL 4868189, at *2, *8 (C.D. Cal. Oct. 15, 2024) (in excessive force case, allowing discovery of all complaints of excessive force and recording and false reporting); *Aleman v. Riverside Cnty. Sheriff's Dep't*, No. EDCV 22-269-CJC (KK), 2023 WL 4680925, at *3 (C.D. Cal. June 9, 2023) ("[P]rior complaints or

investigations against Defendant involving allegations of excessive force may be relevant to impeaching Defendant's credibility, even if Defendant did not use precisely the same type of force."); *Miller v. Pancucci*, 141 F.R.D. 292, 297 (C.D. Cal. 1992) (permitting discovery of "all complaints … alleging excessive force" and rejecting objection that request did not specify "which types of excessive force complaints are sought"). Indeed, the Ninth Circuit in *Velazquez v. City of Long Beach* reversed the district court for excluding evidence of the officer's prior uses of force from trial, on a higher threshold than that required for disclosure in discovery. 793 F.3d 1010, 1028 (9th Cir. 2015) (holding that district court erred by excluding evidence of 30 prior use of force complaints, 19 of them involving a baton or flashlight, were relevant to claim that City knew officer "had previously used excessive force when making arrests, but had taken no steps to curb his propensity").

Defendants' attempt to limit discovery to the type of force at issue makes little sense. Plaintiff's claims here — as in most excessive force cases — go far beyond concerns that defendants misused a specific weapon or use-of-force technique, and encompasses considerations that are common across types of force. Plaintiff alleges, for example, that the City failed to train officers on de-escalation, alternatives to deadly force, and interactions with persons suffering from mental illness, intoxication, or PTSD; that Sergeant Linney and other supervisors failed to control the scene; that the City failed to investigate and discipline prior misconduct; and that the City's customs, policies, and practices caused Mr. Enriquez's death. Indeed, the familiar *Graham* standard for excessive force claims involves considerations that are independent of particular kind of force — balancing the force used with "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). The fact an officer

previously misjudged the threat posed by a suspect would be relevant to the present case, even if the prior case involved a different type of force.

Adopting the City's artificial limitation to discovery on the same types of force would improperly exclude discovery on patterns of conduct that are central to Plaintiff's claims.

**1. The Watts Incident Records Must Be Produced.**

Defendants confirm that the Watts incident involved Jason Watts, CVPD officers including Officer Luhta, and the use of TASER deployment, pepper spray, and manual restraint. The City argues that Watts is not discoverable because it did not involve firearms. That argument ignores Plaintiffs' actual claims.

Plaintiffs allege that Jason Watts suffered from significant mental illness, was unarmed, was experiencing severe psychological distress, and died after CVPD officers escalated the situation by using pepper spray, Tasers, strikes, and restraint rather than summoning PERT-trained officers or other de-escalation professionals. Plaintiffs further allege that Officer Luhta was a named defendant in the Watts civil-rights wrongful-death case and that, after Watts's death, City policymakers failed to train, retrain, reassign, or restrict Luhta despite the risk he posed in future crisis-response situations.

Watts is therefore highly relevant to Plaintiffs' failure-to-train, failure-to-supervise, failure-to-discipline, and *Monell* theories. The issue is not whether Watts involved the same weapon. The issue is whether the City had notice of prior force used against a mentally ill or psychologically distressed person, how the City investigated and responded, whether the City disciplined or retrained involved officers, and whether the City's response reflected a policy, custom, or practice of deliberate indifference. Ninth Circuit authority recognizes that evidence of prior complaints, lack of discipline, and departmental policies may be relevant and critical to a Monell theory, and categorical exclusion of such evidence can improperly prevent a plaintiff from pursuing municipal liability. *Velazquez v. City*

*of Long Beach*, 793 F.3d 1010 (9th Cir. 2015).

The Watts records also bear on Officer Luhta's credibility, judgment, training, experience, and the City's supervision of him. California district courts regularly permit discovery of prior complaints and investigations in excessive-force cases because they may reveal credibility, motive, patterns of behavior, notice, and municipal response. *Corona v. City of Fontana*, No. 5:22-CV-00034-JGB-SP, 2023 WL 9596831, at *1 (C.D. Cal. Apr. 27, 2023); *Soto v. City of Concord*, 162 F.R.D. 603, 614–15 (N.D. Cal. 1995). The City's attempt to limit discovery only to prior firearm incidents is inconsistent with the pleaded theories and the broad relevance of Monell discovery.

**2. The Nunis Incident Records Must Be Produced.**

Defendants confirm that the Nunis incident involved Oral Nunis, CVPD officers including Officer Linney, and manual restraint, and that the City is withholding responsive records. The City argues that Nunis is not discoverable because Sergeant Linney allegedly did not use force in this case and because Nunis involved manual restraint rather than firearms. That argument again applies the wrong standard.

Plaintiffs allege that Sergeant Linney was the supervising officer at the scene of Mr. Enriquez's death and that he and other supervisors abdicated responsibility, failed to control tactical decisions, allowed Perdomo to assume command, allowed confusing commands and escalation, and failed to intervene even after the shooting when a K-9 was released on Mr. Enriquez. The Nunis records are relevant to Linney's experience, judgment, training, discipline and the City's knowledge of prior in-custody death incidents involving its officers.

The records are also relevant to the City's *Monell* liability. Plaintiffs allege that the City failed to investigate and discipline officers for prior excessive force and in-custody death incidents, and that the City's promotion or retention of officers despite constitutional violations encouraged excessive force and increased

the risk of death. Records showing how CVPD investigated, evaluated, disciplined, retrained, or failed to discipline officers after a prior in-custody death are directly relevant to notice, deliberate indifference, ratification and failure to discipline. *Velazquez*, 793 F.3d at 1010.

The City's assertion that there are no personnel records or complaints related to Nunis does not resolve the dispute. Plaintiffs seek incident records, and Defendants admit they are withholding responsive records. Those records may reveal what happened, what CVPD knew, how supervisors acted, what policies were implicated, whether the incident triggered review or discipline, and whether the City changed—or failed to change—its practices. That discovery is proportional to the needs of a fatal police-shooting case involving excessive force, supervisory liability and *Monell* claims.

**3. Investigation of Luhta's deployment of a K-9**

Records related to Defendant Luhta's April 9, 2020, deployment of a K-9 on a person suffering mental illness are also directly relevant and should be produced. This case arises from officers' response to Mr. Enriquez when he suffered a mental health crisis, and involved alleged escalation rather than de-escalation and use of force against a person whose mental state and intoxication affected his ability to understand and comply with commands. That prior internal affairs investigation may bear on Luhta's judgment, use-of-force history, training, supervision, discipline, and the City's notice of force issues involving mentally ill persons. Prior complaints and investigations need not involve precisely the same type of force to be discoverable where they bear on credibility, judgment, history of force, or municipal supervision. *Corona*, 2023 WL 9596831. *Alford v. Beck.*, No. CV148874FMOAGRX, 2017 WL 11631965 (C.D. Cal. Mar. 3, 2017)

**B. The withheld Internal Affairs records likely contain relevant material and should be submitted for in camera review.**

Of the remaining five withheld internal affairs matters, three of them —

although they do not involve force — potentially involved issues relating to defendant officers' dishonesty or attempts to cover up misconduct. As such, the cases require at least in camera review and certainly more than the assurance of City defendants, rather than defense counsel as the Court ordered, that the records are not relevant.

Courts have long recognized that "[p]ersonnel files, including records of training, conduct, performance, and evaluation of officer-defendants in excessive force cases have been held to be relevant. Such information may be relevant on the issues of credibility, notice to the employer, ratification by the employer and motive of the officers as well as on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Soto v. City of Concord*, 162 F.R.D. 603, 614–15 (N.D. Cal. 1995) (citations and quotations omitted).

Defendants identify those matters as: Officer Perdomo's alleged failure to activate his body-worn camera and failure to follow a supervisor's instruction; Officer Perdomo's on-duty traffic collision; Officer Perdomo's verification that a tinted-window violation had been corrected by a third party; Officer Luhta's recording of a conversation between two other CVPD officers.[1]

**May 25, 2024, incident**— Perdomo's failure to activate his body-worn camera and failure to follow his supervisors instructions raise questions whether Perdomo intentionally violated policy or disobeyed an order so that he could evade responsibility or cover up misconduct — issues that would unquestionably be relevant to this case. An internal affairs matter involving failure to activate a body-worn camera and failure to follow a supervisor's instruction bears on accountability, credibility, compliance with orders, supervision, and discipline.

[1] Plaintiffs do not seek production of the remaining traffic-collision and safety-pole matters.

Records concerning reporting misconduct, false reporting, use-of-force procedures, and related training may be discoverable in civil-rights litigation where they bear on credibility and Monell issues. *Alford*, 2017 WL 11631965.

**October 17, 2018 tinted-window verification** — Defendants describe this incident as involving Officer Perdomo's verification that a traffic violation had been corrected by a third party. To the extent Perdomo's knowingly submitted a false report stating that a person (perhaps a friend?) had corrected a fix-it ticket when they had not, that would bear on Perdomo's credibility and therefore likewise warrants in camera review. If the file contains allegations, findings, witness statements, credibility assessments, or discipline involving dishonesty or inaccurate reporting, it is plainly relevant to officer credibility and discipline.

**February 13, 2020 Luhta recording —** Defendants state this incident describe it as involving Officer Luhta's recording of a conversation between two other CVPD officers, which could involve intentional commission of a misdemeanor violation of California Penal Code section 632 (and possibly indications that Luhta lied about it during the investigation), so may involve dishonesty or intentional disregard of legal limits. That would be relevant to Luhta's credibility, the City's supervision, and the City's disciplinary practices.

The Court should not all the City's to withhold documents based on its own determination that they are not relevant. Given the high likelihood of relevance, the Court should, at a minimum, conduct in camera review of the three withheld documents. Federal courts recognize that in camera review is an appropriate method for resolving claims of privilege, confidentiality, and relevance involving government records. *Kerr v. United States Dist. Court for N. Dist.*, 426 U.S. 394 (1976); *United States v. Zolin*, 491 U.S. 554 (1989).

**1. Defendants Did Not Provide the Representation the Court Requested.**

The need for *in camera* review is heightened because Defendants did not

provide the representation Plaintiffs understand the Court requested. The Court requested that defense counsel review the withheld internal affairs materials and represent, as an officer of the court, that none of the investigations included allegations or even inferences of dishonesty. Defense counsel instead told Plaintiffs' counsel that she had spoken with her clients and could confirm that none of the investigations involved allegations or inferences of dishonesty.

Defendants' assurance is not what the Court requested. The Court requested counsel's review and counsel's representation as an attorney and officer of the court, not a secondhand assurance based on client communications. That distinction matters because two of the City's own descriptions suggest potential credibility or legality issues: the Perdomo corrected-violation verification investigation and the Luhta recording investigation. If Defendants will not produce those files, the Court should review them itself.

The City bears the burden to make a proper, specific showing if it invokes official information, privacy, or confidentiality as a basis to withhold police personnel or internal affairs materials. Federal common law recognizes only a qualified official-information privilege, and courts must balance the benefits of disclosure against the disadvantages. *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990). Southern District authority requires a substantial threshold showing before the Court even reaches that balancing, including a declaration from a responsible official with personal knowledge. *Dowell v. Griffin*, 275 F.R.D. 613 (S.D. Cal. 2011). A secondhand assurance from counsel based on client conversations is not an adequate substitute for either production, a proper privilege showing, or in camera review.

**C. Privacy and Confidentiality Concerns Do Not Justify Withholding Relevant Records.**

Finally, the City cannot withhold relevant internal affairs, personnel, or incident records merely by invoking privacy or confidentiality. In federal civil-

rights cases, federal privilege law governs, and the official-information privilege is qualified. *Sanchez*, 936 F.2d 1027. In Section 1983 cases, courts balance the potential benefits of disclosure against the potential disadvantages on a case-by-case basis. *Daniels v. Cty. of San Diego*, No. 05CV1130-WQH (NLS), 2006 WL 8455214, at *7 (S.D. Cal. May 30, 2006).

. California district courts have repeatedly recognized that this balancing approach favors disclosure where the records are relevant to civil-rights claims and confidentiality concerns can be addressed through a protective order. *Kelly v. San Jose,* 114 F.R.D. 653 (N.D. Cal. 1987); *Soto*, 162 F.R.D. 603.

Here, the need for disclosure is substantial. Plaintiffs allege that the City failed to train, supervise, investigate, and discipline officers after prior serious force incidents involving mentally ill persons and that those failures caused Mr. Enriquez's death. The City's privacy concerns are reduced because production can be made subject to the existing protective order, redactions, or other safeguards. The proper remedy is not categorical withholding; it is production under the protective order or, at minimum, in camera review.

**D. The Court Should Compel Production or Order In Camera Review.**

Plaintiffs have shown that the withheld internal affairs records, Watts records, and Nunis records are relevant to claims and defenses in this case. The City has not carried its burden to justify categorical withholding based on a narrow "same force only" theory, nor has it provided the counsel-reviewed officer-of-the-court representation requested by the Court.

The Court should order production subject to the existing protective order. In the alternative, the Court should order Defendants to lodge the withheld internal affairs investigations, Watts incident records, and Nunis incident records for in camera review so the Court can determine whether they contain information relevant to officer credibility, dishonesty, use of force, mental-health crisis

response, supervision, discipline, training, ratification, notice, or Monell liability. In camera review is particularly appropriate where, as here, the City's descriptions themselves raise questions about relevance and credibility, and where confidentiality concerns can be addressed without denying Plaintiffs access to evidence central to their claims. *Kerr*, 426 U.S. 394.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to compel.

Dated: August 28, 2026

LAW OFFICE OF STEVE HOFFMAN, APC

s/ Steve Hoffman
Attorney for Plaintiffs

Dated: August 28, 2026

IREDALE & YOO, APC

s/ Eugene Iredale
Eugene Iredale
Julia Yoo
Peter Bibring
Chelsea Reherman
Attorneys for Plaintiffs