# EXHIBIT 1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, and Officer THOMAS LUHTA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ,,

Plaintiff,

vs.

THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA and DOES 1-25,,

Defendant.

Case No. 25CV3832 BTM DEB
[*Hon. Barry T. Moskowitz, Dist. Judge; Hon. Daniel E. Butcher, M. Judge*]

**DEFENDANT CITY OF CHULA VISTA'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION - SET ONE**

PROPOUNDING PARTY: PLAINTIFFS, MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, AND THE ESTATE OF CARLOS ENRIQUEZ

RESPONDING PARTY: DEFENDANT, CITY OF CHULA VISTA

SET NO.: ONE

///

## PART IV: PERSONNEL AND INTERNAL AFFAIRS RECORDS

**REQUEST NO. 31:**

The complete personnel file of Perdomo, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or dispositions of such complaints, for the period from the date of his hire through April 19, 2025. To the extent any responsive records are withheld on privilege or statutory grounds, please identify each withheld document in a privilege log.

**RESPONSE TO REQUEST NO. 31:**

OBJECTION: This request is compound as phrased as to the contents of the personnel file sought. Additionally, this request is vague, ambiguous, and overbroad as phrased. Specifically, this request provides no parameters as to the disposition of any complaints/allegations nor the alleged type of misconduct or uses of force at issue. This request is unduly burdensome as phrased. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Soto v. City of Concord*, 162 F.R.D. 603, 615 (N.D. Cal. July 17, 1995) (finding certain—but not all—documents in personnel files of law enforcement officers can be relevant). As phrased, this request calls for information that is protected from disclosure under the federal law enforcement investigative privilege, the federal and California constitutional right to privacy, and/or potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection. Additionally, this request potentially violates the responding party's privacy privilege.

Defendant incorporates by reference here each of the objections stated in the General Objections section, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Defendant is willing to meet and confer to narrow the scope of this request and set reasonable parameters as to the documents and information sought in regards to a "personnel file."

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 31</u>:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and the Original Response to Request No. 31, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Relevant items responsive to this request have been produced with the concurrently served Exhibit "B." No items are currently being withheld on the basis of privilege.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 31</u>:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and the Original Response to Request No. 31, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Defendants previously produced the following responsive records to this Request: (1) CVPD Complaint-Disposition 23-0572 On Officer Perdomo for 09/29/23 [CVPD 021676-CVPD 021692]; (2) DA Letter from Summer Stephan re Enriquez 25-0052 Incident; 03/10/26 – No Liability [CVPD 021315-CVPD 021327]; (3) DA Letter from Summer Stephan re Sammarco 23-005229 Incident Involving Officer Perdomo; 02/04/23 – No Liability [CVPD 021328-CVPD 021336]; (4) DA Letter from Summer Stephan re Munroe 22-154 Incident Involving Officer Perdomo; 12/18/23 – No Liability [CVPD 021337-CVPD 021348]; (5) Training POST Log for

Alfonso Perdomo [CVPD 020483-020485]; and (6) CVPD Letter to Alfonso Perdomo re Admin Leave; 04/19/2025 [CVPD 020493].

Defendants are currently withholding records on the basis that Plaintiffs' request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26 because it seeks the entirety of Perdomo's personnel file, rather than appropriately narrowing the request to records of officer's training, performance reviews, and allegations of misconduct involving excessive force similar to what is alleged in this case and dishonesty. *Winn v. Cappalla*, 2024 WL 5275070, at *4 (C.D. Cal. Sept. 13, 2024) ("A request for an entire personnel file is overly broad and burdensome."); *Niewzal v. City of Simi Valley*, 2016 WL 11758772, at *8 (C.D. Cal. Apr. 6, 2016) ("Courts have found that prior suits or disciplinary proceedings or prior civilian complaints made against the defendants and incidents of excessive force by individual defendants to be discoverable when a plaintiff raises claims of the use of force, and complaints of other misconduct to be discoverable when sufficiently similar to claims in the complaint."); *see Dominguez v. City of Los Angeles*, 2017 WL 10605960, at *6-7 (C.D. Cal. Nov. 18, 2017) (limiting production of officers' personnel file to records of officer's training, performance reviews, and allegations of misconduct involving excessive force and dishonesty).

The following records are being withheld: (1) CVPD Complaint-Disposition 24-9131 On Officer Perdomo by Sgt. Severance for 05/25/24 regarding allegations that Officer Perdomo failed to activate his body worn camera and did not follow a supervisor's instruction; (2) CVPD Complaint-Disposition 25-0018 On Officer Perdomo for 01/17/25 regarding a traffic collision that occurred while Officer Perdomo was on-duty in his patrol vehicle; and (3) CVPD Complaint-Disposition 18-1021 On Officer Perdomo for 10/17/18 regarding Officer Perdomo's verification that a terrific violation for tinted windows had been corrected by a third-party. Pursuant

to the Parties' meet and confer on this request, including on July 15, 2026, Defendants have produced all other responsive records that Plaintiffs are seeking pursuant to this request and are not withholding any records on the basis of Defendants' above-stated objections other than the three records identified above.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and Defendant's original response, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Served concurrently with these Responses are the following responsive records: Records #371-375 [CVPD 022002-CVPD 022025].

Defendant is still withholding the three identified records above on the basis of the asserted objections. No other responsive records are being withheld on the basis of Defendant's asserted objections.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**REQUEST NO. 32:**

The complete personnel file of Buyson, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or dispositions of such complaints, for the period from the date of his hire through April 19, 2025. To the extent any responsive records are withheld on privilege or statutory grounds, please identify each withheld document in a privilege log.

**RESPONSE TO REQUEST NO. 32:**

OBJECTION: This request is compound as phrased as to the contents of the personnel file sought. Additionally, this request is vague, ambiguous, and overbroad

All relevant items responsive to this request were previously produced on or about May 12, 2026 as part of Exhibit "A", including, but not limited, to Defendant Officer Buyson's training logs. Of note, Defendant Officer Buyson's personnel file does not contain any internal affairs investigations or records of complaints against him. No items responsive to this request are currently being withheld on the basis of privilege.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 32</u>:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and the Original Response to Request No. 32, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Defendants previously produced the following records responding to this request: (1) Training POST Log for Roman Buyson [CVPD 020490-CVPD 020492]; and (2) CVPD Letter to Roman Buyson re Admin Leave; 04/19/25 [CVPD 020495]. Notwithstanding the fact that "[a] request for an entire personnel file is overly broad and burdensome," *Winn v. Cappalla*, 2024 WL 5275070, at *4 (C.D. Cal. Sept. 13, 2024), pursuant to the Parties' meet and confer on this request, including on July 15, 2026, Defendants have produced all responsive records that Plaintiffs are seeking pursuant to this request and are not withholding any records on the basis of Defendants' above-stated objections.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**<u>REQUEST NO. 33</u>:**

The complete personnel file of Luhta, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or

dispositions of such complaints, for the period from the date of his hire through April 19, 2025. To the extent any responsive records are withheld on privilege or statutory grounds, please identify each withheld document in a privilege log.

**RESPONSE TO REQUEST NO. 33:**

OBJECTION: This request is compound as phrased as to the contents of the personnel file sought. Additionally, this request is vague, ambiguous, and overbroad as phrased. Specifically, this request provides no parameters as to the disposition of any complaints/allegations nor the alleged type of misconduct or uses of force at issue. This request is unduly burdensome as phrased. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Soto v. City of Concord*, 162 F.R.D. 603, 615 (N.D. Cal. July 17, 1995) (finding certain—but not all—documents in personnel files of law enforcement officers can be relevant). As phrased, this request calls for information that is protected from disclosure under the federal law enforcement investigative privilege, the federal and California constitutional right to privacy, and/or potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection. Additionally, this request potentially violates the responding party's privacy privilege.

Defendant incorporates by reference here each of the objections stated in the General Objections section, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Defendant is willing to meet and confer to narrow the scope of this request and set reasonable parameters as to the documents and information sought in regards to a "personnel file."

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and the Original Response to Request No. 33, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

All relevant items responsive to this request were previously produced on or about May 12, 2026 as part of Exhibit "A." Of note, there are no internal affairs investigations in Defendant Officer Luhta's personnel file relevant to this incident involving Defendant Officer Luhta's use of deadly force for purposes of Plaintiffs' individual liability and *Monell* liability claims. No responsive items are being held on the basis of privilege.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Defendant incorporates by reference here each of the objections stated in the General Objections section and the Original Response to Request No. 31, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

Defendants previously produced the following responsive records to this Request: (1) Training POST Log for Thomas Luhta [CVPD 020480-CVPD 020482]; and (6) CVPD Letter to Thomas Luhta re Admin Leave; 04/19/2025 [CVPD 020496].

Defendants are currently withholding records on the basis that Plaintiffs' request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26 because it seeks the entirety of Luhta's personnel file, rather than appropriately narrowing the request to records of officer's training, performance reviews, and allegations of misconduct involving excessive force similar to what is alleged in this case and dishonesty. *Winn v. Cappalla*, 2024

WL 5275070, at *4 (C.D. Cal. Sept. 13, 2024) ("A request for an entire personnel file is overly broad and burdensome."); *Niewzal v. City of Simi Valley*, 2016 WL 11758772, at *8 (C.D. Cal. Apr. 6, 2016) ("Courts have found that prior suits or disciplinary proceedings or prior civilian complaints made against the defendants and incidents of excessive force by individual defendants to be discoverable when a plaintiff raises claims of the use of force, and complaints of other misconduct to be discoverable when sufficiently similar to claims in the complaint."); *see Dominguez v. City of Los Angeles*, 2017 WL 10605960, at *6-7 (C.D. Cal. Nov. 18, 2017) (limiting production of officers' personnel file to records of officer's training, performance reviews, and allegations of misconduct involving excessive force and dishonesty).

The following records are being withheld: (1) CVPD Complaint-Disposition 20-0828 On Officer Luhta for 04/09/20 regarding Officer Luhta's deployment of a K-9 on a subject suffering from mental illness; (2) CVPD Complaint-Disposition 20-1369 On Officer Luhta for 02/13/20 regarding Officer Luhta's recording of a conversation between two other CVPD officers; and (3) CVPD Complaint-Disposition 18-0661 On Officer Luhta for 07/23/18 regarding Officer Luhta backing into a safety pole in his patrol vehicle. Pursuant to the Parties' meet and confer on this request, including on July 15, 2026, Defendants have produced all other responsive records that Plaintiffs are seeking pursuant to this request and are not withholding any records on the basis of Defendants' above-stated objections other than the three records identified above.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

**REQUEST NO. 34:**

The complete personnel file of Linney, including performance evaluations, commendations, disciplinary records, records of any internal affairs investigation, records of any complaints filed against him, and records of any findings or

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

DATED: July 31, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: Abigail McLaughlin

TONY M. SAIN
TORI L.N. BAKKEN
ABIGAIL J.R. McLAUGHLIN
Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, and Officer THOMAS LUHTA