# EXHIBIT 2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, and Officer THOMAS LUHTA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA and DOES 1-25,<br><br>Defendant. | Case No. 25-CV-3832-BTM-DEB<br>[*Hon. Barry Ted Moskowitz, Dist. Judge*; *Hon. Daniel E. Butcher, M. Judge*]<br><br>**DEFENDANT CITY OF CHULA VISTA'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET TWO** |

PROPOUNDING PARTY: PLAINTIFFS, MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, AND THE ESTATE OF CARLOS ENRIQUEZ

RESPONDING PARTY: DEFENDANT, CITY OF CHULA VISTA

SET NO.: TWO

**PART II: RECORDS RELATING TO IN-CUSTODY DEATHS INVOLVING OFFICERS LINNEY AND LUHTA**

**REQUEST NO. 62:**

All investigative reports, use-of-force reports, Internal Affairs investigation records, and findings in the possession, custody, or control of CVPD relating to the in-custody death of Oral Nunis on March 13, 2020, involving Officer Evan Linney, including but not limited to witness statements, body-worn camera footage, dashboard camera footage, photographs, diagrams, and any other evidence collected during the investigation.

**RESPONSE TO REQUEST NO. 62:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS). Of note, Officer Evan Linney did not use force during the at-issue incident involving Carlos Enriquez and is not a named defendant in this matter.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 62:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 62, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Oral Nunis based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Oral Nunis did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Nunis consisted of manual restraint. *See Nunis, et al. v. City of Chula Vista, et al.*, U.S. Dist. Ct., S.D. Cal. Case No. 3:21-cv-01627-AJB-DEB, Dkt. 92 (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment). Moreover, Sergeant Linney did not use force in the at-issue incident and Plaintiffs only allege liability based on supervisorial liability. *See generally* Dkt. 25. Thus, the Nunis incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 63:**

All documents reflecting or recording any post-incident debriefing, after-action review, or critique of the tactics employed during the in-custody death of Oral Nunis on March 13, 2020, involving Officer Evan Linney.

**RESPONSE TO REQUEST NO. 63:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS). Of note, Officer Evan Linney did not use force during the at-issue incident involving Carlos Enriquez and is not a named defendant in this matter.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 63:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 63, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Oral Nunis based on Defendants' objection that this request is

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Oral Nunis did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Nunis consisted of manual restraint. *See Nunis, et al. v. City of Chula Vista, et al.*, U.S. Dist. Ct., S.D. Cal. Case No. 3:21-cv-01627-AJB-DEB, Dkt. 92 (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment). Moreover, Sergeant Linney did not use force in the at-issue incident and Plaintiffs only allege liability based on supervisorial liability. *See generally* Dkt. 25. Thus, the Nunis incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 64:**

All correspondence, memoranda, or communications between CVPD, the City of Chula Vista, and any third-party agency or entity regarding the in-custody death of Oral Nunis on March 13, 2020, involving Officer Evan Linney.

**RESPONSE TO REQUEST NO. 64:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660,

at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS). Of note, Officer Evan Linney did not use force during the at-issue incident involving Carlos Enriquez and is not a named defendant in this matter.

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 64:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 64, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Oral Nunis based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Oral Nunis did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Nunis consisted of manual restraint. *See Nunis, et al. v. City of Chula Vista, et al.*, U.S. Dist. Ct., S.D. Cal. Case No. 3:21-cv-01627-AJB-DEB, Dkt. 92 (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment). Moreover, Sergeant Linney did not use force in the at-issue incident and Plaintiffs only allege liability based on supervisorial liability.

*See generally* Dkt. 25. Thus, the Nunis incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 65:**

All investigative reports, use-of-force reports, Internal Affairs investigation records, and findings in the possession, custody, or control of CVPD relating to the in-custody death of Jason Watts on October 18, 2018, involving Officer Thomas Luhta, including but not limited to witness statements, body-worn camera footage, dashboard camera footage, photographs, diagrams, and any other evidence collected during the investigation.

**RESPONSE TO REQUEST NO. 65:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL

7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 65:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 65, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Jason Watts based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Jason Watts did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Watts consisted of: (1) TASER deployment; (2) pepper spray; and (3) manual restraint. Officer Luhta personally deployed his TASER and used manual restraint. Thus, the Watts incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 66:**

All documents reflecting or recording any post-incident debriefing, after-action review, or critique of the tactics employed during the in-custody death of Jason Watts on October 18, 2018, involving Officer Thomas Luhta.

**RESPONSE TO REQUEST NO. 66:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 66:</u>**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 66, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Jason Watts based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Jason Watts did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Watts consisted of: (1) TASER deployment; (2) pepper spray; and (3) manual restraint. Officer Luhta personally deployed his TASER and used manual restraint. Thus, the Watts incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**<u>REQUEST NO. 67</u>:**

All correspondence, memoranda, or communications between CVPD, the City of Chula Vista, and any third-party agency or entity regarding the in-custody death of Jason Watts on October 18, 2018, involving Officer Thomas Luhta.

**<u>RESPONSE TO REQUEST NO. 67</u>:**

OBJECTION: This request is compound as phrased as to the types of reports and medium of records sought. Additionally, this request is vague, ambiguous, and overbroad as to the phrase "any other evidence collected during the investigation." Specifically, this request provides no parameters as to the time period sought or the disposition of any allegations/findings. As phrased, this request is unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 67:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 67, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Jason Watts based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Jason Watts did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Watts consisted of: (1) TASER deployment; (2) pepper spray; and (3) manual restraint. Officer Luhta personally deployed his TASER and used manual restraint. Thus, the Watts incident is not

sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

After a diligent search, there are no responsive items in Responding Party's possession, custody, and control. No responsive items are being withheld on the basis of privilege.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 69:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial Response to Request No. 69, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

After a diligent search, there are no responsive items in Responding Party's possession, custody, and control. Defendants are not currently withholding any records responsive to this Request on the bases of Defendants' above-stated objections.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 70:**

All documents reflecting or recording any disciplinary actions, complaints, or findings of misconduct against Officer Thomas Luhta relating to the in-custody death of Jason Watts on October 18, 2018.

**RESPONSE TO REQUEST NO. 70:**

OBJECTION: This request is overbroad and unduly burdensome. This request is compound as to the incidents sought, the individuals at issue, and the actual types of records sought. Additionally, this request provides no parameters as to the time frame sought. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiff's case within the meaning of Federal Rule of Civil Procedure 26. *See Gonzales v. City of*

*Bakersfield*, 2016 WL 4474660, at *6 (E.D. Cal. Aug. 25, 2016) (finding that a plaintiff suffering injury from use of non-deadly force was not entitled to discovery of all deadly force incidents); *Cathey v. City of Vallejo,* 2016 WL 792783, at *1, 5 (E.D. Cal. Mar. 1, 2016) (in action alleging non-deadly excessive force used during arrest, discovery was limited to complaints non-lethal excessive force involving conduct alleged to have occurred while an arrestee was in police custody); *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants incorporate by reference here each of the objections stated in the General Objections section, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

After a diligent search, there are no responsive items in Responding Party's possession, custody, and control. No responsive items are being withheld on the basis of privilege.

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 70:**

Defendants incorporate by reference here each of the objections stated in the General Objections section and Defendants' initial response to Request No. 70, *supra*.

Defendants are currently withholding all responsive records pertaining to the in-custody death of Jason Watts based on Defendants' objection that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the proportional needs of Plaintiffs' case within the meaning of Federal Rule of Civil Procedure 26. Specifically, the incident involving CVPD Officers and Jason Watts did not involve the use of lethal force or a K-9. Rather, the only uses of force on Mr. Watts consisted of: (1) TASER

deployment; (2) pepper spray; and (3) manual restraint. Officer Luhta personally deployed his TASER and used manual restraint. Thus, the Watts incident is not sufficiently similar to be discoverable in this matter. *Centeno v. City of Fresno*, 2016 WL 7491634, at *10 (E.D. Cal. Dec. 29, 2016) (incident involving excessive force in manual restraint not sufficiently similar to be discoverable in action that involved OIS).

Defendants' investigation/discovery of this matter is continuing, and Defendants reserve the right to amend or supplement this response at a later time.

**REQUEST NO. 71:**

All training records, certifications, and course completion documents for Officer Alfonso Perdomo, Officer Evan Linney, and Officer Thomas Luhta, specifically relating to crisis intervention, de-escalation techniques, and the use of force, from the date of October 18, 2018, through April 19, 2025.

**RESPONSE TO REQUEST NO. 71:**

OBJECTION: This request is vague, ambiguous, and overbroad as phrased, specifically as to the phrase "course outlines, instructional materials, and written or video training materials." Further, this request is compound as phrased, not reasonably calculated to lead to the discovery of admissible evidence and is not relevant to the proportional needs of Plaintiffs' case pursuant to Federal Rule of Civil Procedure 26(b)(1). Further still, Responding Party objects to this request on the grounds that the requested items are equally available to Propounding Party.

Defendant incorporates by reference here each of the objections stated in the General Objections section, *supra*.

Notwithstanding and without waiving the previously stated objections, Defendant responds as follows:

All items in Responding Party's possession, custody, and control have been previously produced as part of the production of documents listed within Exhibit "A," which was served on or about May 13, 2026.

Defendant's discovery of this matter is continuing, and Defendant reserves the right to amend or supplement this response at a later time.

DATED: July 31, 2026 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: Abigail McLaughlin
TONY M. SAIN
TORI L. N. BAKKEN
ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer, ROMAN BUYSON, and Officer THOMAS LUHTA