Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman, APC
770 First Avenue, Suite 250
San Diego, CA 92101
Tel: (619) 677-3015
Fax: (888) 320-9384
shoffmanlaw@gmail.com

Eugene Iredale (SBN 75292)
Julia Yoo (SBN 231163)
Peter Bibring (SBN 223981)
Chelsea Reherman (SBN 343446)
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Tel: (619) 233-1525/Fax: (619) 233-3221

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ

Plaintiff,

v.

THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA, EVAN LINNEY and DOES 1-25.

Defendants.

Case No.: 25-cv-3832-BTM-DEB

**PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE SCHEDULING ORDER DATES**

Hon. Daniel E. Butcher

## I. INTRODUCTION AND RELIEF SOUGHT

Plaintiffs Maria Enriquez, Aleyna Enriquez, Miguel Enriquez, and the Estate of Carlos Enriquez apply ex parte, pursuant to Section IX of this Court's Civil Chambers Rules and Federal Rule of Civil Procedure 16(b)(4), for an order continuing the dates set forth in the Scheduling Order (ECF No. 12) by ninety−one (91) days, including a continuance of the fact discovery cutoff from September 18, 2026 to December 18, 2026.

Plaintiffs sought Defendants' agreement to a joint motion for a continuance and, at Defendants' counsel's request, prepared and emailed a proposed joint

motion on August 26, 2026. On August 31, 2026, Defendants advised that they would not join it. (Hoffman Decl. ¶¶ 20–22.) Plaintiffs therefore bring this application ex parte, as Section IX of the Chambers Rules directs where the opposing party refuses to participate in the preparation of a joint motion.

Defendants' position is a narrow one, and it concedes the essential point. Defendants have agreed to continue the fact discovery deadline as to the depositions of the individual Defendant officers, and they are open to continuing every other date in the Scheduling Order. They object only to continuing the fact discovery cutoff generally. (Hoffman Decl. ¶ 23.) Defendants thus agree that this case can proceed on a later schedule without harm to them. The only question is whether the continuance will also permit Plaintiffs to take the five remaining depositions.

At least nine depositions remain to be taken in this case: the depositions of the four individual Defendants, three depositions of the City's designees under Federal Rule of Civil Procedure 30(b)(6), and the depositions of two additional Chula Vista Police Department officers. (Hoffman Decl. ¶ 24.) None can be completed by the current September 18, 2026 cutoff, for three independent reasons.

First, Plaintiffs' lead counsel, Eugene Iredale, underwent an outpatient surgical procedure on July 6, 2026, developed a post-operative infection that resulted in a two-day hospitalization on August 6 and 7, 2026, and was placed on a course of daily intravenous antibiotic infusions that his treating physician has extended through September 17, 2026 — one day before the fact discovery cutoff. He has been substantially limited in his work schedule as a result. (Iredale Decl. ¶¶ 2–6.) The depositions of the four individual Defendants, set for July 23, 24, 27, and 29, 2026, were lost as a direct result.

Second, the deposition dates that Defendants' own counsel supplied fall after the discovery cutoff. Defendants' counsel provided September 22, 23, 30, and

October 9, 2026 as the available dates for the depositions of Defendants Perdomo, Luhta, Linney, and Buyson, and Plaintiffs served amended notices for those dates. (Hoffman Decl. ¶¶ 14–15.) Every one of those dates falls after September 18, 2026. Without a continuance, the depositions Defendants themselves offered cannot lawfully proceed.

Third, Defendants have refused to produce documents that Plaintiffs regard as essential to taking any of these depositions, and Plaintiffs' motion to compel that discovery has been pending before this Court since August 28, 2026. (ECF No. 33.) Plaintiffs' counsel advised Defendants' counsel that all deposition dates depended on the production of those documents. (Hoffman Decl. ¶ 19.)

This is the first request by any party to continue any date in this action.

## II. PROCEDURAL BACKGROUND

### A. The Pleadings and the Scheduling Order

Plaintiffs filed their Complaint for Damages on December 30, 2025. Defendants filed their Answer to the Complaint on January 9, 2026. On March 19, 2026, the Court issued its Scheduling Order, which ordered that "all fact discovery shall be completed by September 18, 2026." (ECF No. 12.) The Scheduling Order has not previously been amended.

### B. Plaintiffs' Written Discovery

Plaintiffs served their First Set of Requests for Production on Defendants on April 13, 2026, and their Second Set of Requests for Production on May 15, 2026. Defendants responded to the first set on May 13, 2026 and to both sets on June 29, 2026. The parties met and conferred regarding the sufficiency of those responses on June 3 and July 15, 2026, and participated in an Independent Discovery Conference with the Court on August 12, 2026. (Hoffman Decl. ¶¶ 2–7.) Plaintiffs served interrogatories on Defendant Roxana Kennedy on July 24, 2026. (Hoffman Decl. ¶ 8.) Plaintiffs also served third-party subpoenas.

### C. The Depositions Set for July 2026

The parties had scheduled the depositions of the four individual Defendants, to be taken by Mr. Iredale, for July 23, 24, 27, and 29, 2026. On July 16, 2026, Plaintiffs' counsel emailed Defendants' counsel and advised that Mr. Iredale had undergone a medical procedure, that he had not fully recovered, and that Plaintiffs did not anticipate his return to work until July 27, 2026. (Hoffman Decl. ¶ 12.) The depositions did not proceed on the scheduled dates. (Iredale Decl. ¶¶ 7–9.)

**D. The August 2026 Deposition Notices and Defendants' Objections**

On August 10, 2026, Plaintiffs served deposition notices for two depositions of the City's designees under Federal Rule of Civil Procedure 30(b)(6), set for September 9 and 11, 2026, and for the depositions of two additional Chula Vista Police Department officers, who are percipient witnesses, set for August 20 and 21, 2026. (Hoffman Decl. ¶ 13.)

On the same day, Plaintiffs served amended notices for the depositions of Defendants Perdomo, Luhta, Linney, and Buyson, set for September 22, 23, and 30 and October 9, 2026. Those dates were provided by Defendants' counsel as the dates on which the individual Defendants were available. (Hoffman Decl. ¶¶ 14–15.)

Defendants served objections to the two noticed Rule 30(b)(6) depositions and to the depositions of the two additional Chula Vista Police Department officers, on the ground that the depositions were unduly burdensome. (Hoffman Decl. ¶ 16.)

The parties met and conferred on August 17, 2026. Plaintiffs agreed to take the noticed depositions off calendar because Defendants and/or Defendants' counsel were not available on the noticed dates. Defendants then offered only September 9, 16, 17, and 18, 2026 as available dates for the two Rule 30(b)(6) depositions and the depositions of the two additional officers. (Hoffman Decl. ¶¶ 18–19.)

In the same meet and confer, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs intended to notice one additional Rule 30(b)(6) deposition, identified its subject matter as the Chula Vista Police Department's de-escalation training, supervision, and compliance, and asked Defendants' counsel to begin identifying the appropriate designee. Plaintiffs' counsel also advised Defendants' counsel that all deposition dates depended on the production of the documents Plaintiffs had been demanding. (Hoffman Decl. ¶¶ 18–19.)

**E. Defendants' Position on a Continuance**

At the August 17, 2026 meet and confer, Plaintiffs' counsel asked Defendants' counsel whether Defendants would agree to a ninety-day continuance of all dates in the Scheduling Order, based on Mr. Iredale's medical condition and the parties' discovery dispute. (Hoffman Decl. ¶ 20.) Defendants' counsel did not refuse; Defendants' counsel asked Plaintiffs' counsel to send a proposed joint motion. On August 26, 2026, Plaintiffs' counsel emailed a proposed joint motion, together with the supporting declaration of Mr. Iredale, to Defendants' counsel. (Hoffman Decl. ¶ 21.) On August 31, 2026, Defendants' counsel advised that Defendants would not join it. Defendants agreed to continue the fact discovery deadline as to the depositions of the individual Defendant officers, and stated that they are open to continuing the other dates in the Scheduling Order, but would not agree to a general continuance of the fact discovery cutoff. (Hoffman Decl. ¶¶ 22–23.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. REQUESTED DATES

Plaintiff requests that the dates set forth in the Scheduling Order (ECF No. 12) be continued as follows:

| Event/Deadline | Current Date (ECF 12) | Proposed New Date |
|---|---|---|
| Mandatory Settlement Conference | September 10, 2026 | December 10, 2026 |
| Fact Discovery Cutoff | September 18, 2026 | December 18, 2026 |
| Expert Designation | September 18, 2026 | December 18, 2026 |
| Rebuttal Expert Designation | October 2, 2026 | January 8, 2027 |
| Rule 26(a)(2)(A) and (B) disclosures | October 16, 2026 | January 22, 2027 |
| Supplemental Disclosures | November 13, 2026 | February 19, 2027 |
| Expert Discovery Cutoff | December 11, 2026 | March 19, 2027 |
| Pretrial Motions | January 8, 2027 | April 16, 2027 |
| Memoranda of Contentions of Fact and Law (Bench Trial) | April 12, 2027 | July 19, 2027 |
| Pre-trial Disclosures | April 12, 2027 | July 19, 2027 |
| LR 16.1(f)(4) Meeting | April 19, 2027 | July 26, 2027 |
| Proposed Pretrial Order to Defendants | April 26, 2027 | August 2, 2026 |
| Lodge Proposed Final Pretrial Conference Order | May 3, 2027 | August 9, 2026 |
| Final Pretrial Order | May 10, 2027 | August 16, 2027 |

/ / /

## IV. GOOD CAUSE SUPPORTS THE REQUESTED CONTINUANCE

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists where the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment).

### A. Plaintiffs Have Been Diligent

Plaintiffs served two sets of requests for production, interrogatories, and third-party subpoenas well within the discovery period, and secured agreed dates for the depositions of the four individual Defendants on July 23, 24, 27, and 29, 2026 — two months before the cutoff. (Hoffman Decl. ¶¶ 2–3, 10; Iredale Decl. ¶¶ 7, 11.) When those dates were lost, Plaintiffs did not wait: on August 10, 2026, while lead counsel remained incapacitated, Plaintiffs served notices for two Rule 30(b)(6) depositions and the depositions of two additional officers, and served amended notices for the four individual Defendants on the dates Defendants' counsel had supplied. (Hoffman Decl. ¶¶ 13–15.) When Defendants objected, Plaintiffs met and conferred, accommodated Defendants' stated unavailability by taking the depositions off calendar, gave advance notice of a further Rule 30(b)(6) deposition on de-escalation training, supervision, and compliance, and asked Defendants to begin identifying the designee. (Hoffman Decl. ¶¶ 16–18.) And at that same August 17, 2026 conference — a full month before the cutoff, and before any deadline had been missed — Plaintiffs' counsel asked Defendants' counsel to agree to a ninety-day continuance of all dates based on Mr. Iredale's medical condition and the parties' discovery dispute, and when Defendants' counsel asked for a proposed joint motion, Plaintiffs prepared one and emailed it, with Mr. Iredale's supporting declaration, on August 26, 2026. (Hoffman Decl. ¶¶ 20–21.)

Plaintiffs did not wait until the eve of the cutoff to raise the problem. That is diligence, not delay.

**B. The Incapacity of Plaintiffs' Lead Counsel**

On July 6, 2026, Eugene Iredale, lead counsel for Plaintiffs, underwent an outpatient surgical procedure at UCSD. He shortly thereafter developed a post-operative infection, which resulted in his hospitalization at UCSD on August 6 and 7, 2026 and a course of treatment consisting of twenty-eight days of daily intravenous antibiotic infusions. That course was originally set to conclude on September 3, 2026, but his treating physician extended it by an additional fourteen days, through September 17, 2026. (Iredale Decl. ¶¶ 2–5.) Mr. Iredale has been substantially limited in his work schedule throughout. (Iredale Decl. ¶ 6.) He anticipates resuming full working days by the end of September 2026. (Iredale Decl. ¶ 14.) His medical condition and the resulting course of treatment were neither foreseeable at the time the Scheduling Order issued nor within counsel's control. (Iredale Decl. ¶ 13.) The four depositions he was to take could not proceed as a direct consequence. (Iredale Decl. ¶¶ 8–9.)

**C. The Remaining Depositions Cannot Be Completed by September 18, 2026**

At least nine depositions remain: the four individual Defendants, three Rule 30(b)(6) depositions, and two additional Chula Vista Police Department officers, who are percipient witnesses. (Hoffman Decl. ¶ 24.) Mr. Iredale remains on daily intravenous antibiotic infusions through September 17, 2026 — the day before the fact discovery cutoff. (Iredale Decl. ¶ 5.) Nine depositions cannot be taken in a single day.

The dates Defendants' counsel supplied for the depositions of Defendants Perdomo, Luhta, Linney, and Buyson — September 22, 23, and 30 and October 9, 2026 — all fall after the September 18, 2026 fact discovery cutoff. (Hoffman Decl.

¶¶ 14–15.) Those four depositions therefore cannot be taken within the current schedule on the only dates Defendants have made available.

As to the remaining five depositions, Defendants offered only September 9, 16, 17, and 18, 2026 — four dates in the final ten days of the discovery period for five depositions, one of which is a Rule 30(b)(6) deposition on de-escalation training, supervision, and compliance for which Defendants have not yet identified a designee. (Hoffman Decl. ¶¶ 18–19.) The current schedule cannot accommodate this discovery even if every party cooperated fully.

**D. Defendants' Withholding of Documents Essential to the Depositions**

Independently, the depositions cannot responsibly go forward because Defendants have not produced documents central to them. The history is one of repeated commitments and repeated non-compliance. Defendants served responses to Plaintiffs' first set of requests on May 13, 2026. At a meet and confer on June 3, 2026, Defendants agreed to serve supplemental responses to the first set and responses to the second set by June 29, 2026. (Hoffman Decl. ¶¶ 2–4.) Defendants served those responses on June 29, 2026, and Plaintiffs' counsel wrote on July 8, 2026 identifying deficiencies and requesting a further conference. (Hoffman Decl. ¶ 5.) At a second conference on July 15, 2026, Defendants agreed to supplement both sets of responses by July 24, 2026, to produce additional documents by July 31, 2026, and to jointly call the Court to schedule an Independent Discovery Conference. (Hoffman Decl. ¶ 6.) The parties held that conference with the Court on August 12, 2026. (Hoffman Decl. ¶ 7.) Notwithstanding those conferences and those agreed deadlines, Defendants have refused to produce documents that Plaintiffs consider critical to adequately deposing the Defendant officers, including records of past misconduct by the Defendant officers and records concerning two prior in-custody death cases in which the Defendant officers were involved. (Hoffman Decl. ¶ 8.)

Plaintiffs filed a motion to compel the production of these documents on August 28, 2026, which remains pending. (ECF No. 33; Hoffman Decl. ¶ 9.) Plaintiffs' counsel advised Defendants' counsel at the August 17, 2026 meet and confer that all deposition dates depended on the production of those documents. (Hoffman Decl. ¶ 19.) Taking the depositions without these records would deprive Plaintiffs of the ability to examine the deponents about their prior conduct and would likely necessitate a second round of depositions once the documents are produced, at needless expense to both sides and to the Court.

**E. Defendant Kennedy's Interrogatory Responses**

Plaintiffs served interrogatories on Defendant Roxana Kennedy on July 24, 2026. Defendants served responses that were unsigned by Defendant Kennedy and that provided no substantive answer to any of the twenty-five interrogatories. (Hoffman Decl. ¶¶ 10–11.) See Fed. R. Civ. P. 33(b)(3), (5) (interrogatories must be answered separately and fully under oath, and the answers must be signed by the person making them). Plaintiffs are thus without the written responses that would ordinarily narrow and focus the deposition examination of Chief Kennedy.

**F. Defendants Concede That They Will Not Be Prejudiced**

Defendants have agreed to continue the fact discovery deadline as to the depositions of the individual Defendant officers, and they are open to continuing every other date in the Scheduling Order. They resist only a general continuance of the fact discovery cutoff. (Hoffman Decl. ¶ 23.) That position forecloses any claim of prejudice. A party that agrees to conduct depositions after the cutoff, and to move every other case management date, cannot maintain that the same ninety-day adjustment harms it. The dispute is not about whether the schedule moves; Defendants agree that it should. The dispute is only about which depositions Plaintiffs may take once it does.

The practical effect of Defendants' position is that Plaintiffs would be permitted to take only the four depositions for which Defendants themselves

supplied post-cutoff dates, while the two Rule 30(b)(6) depositions, the third Rule 30(b)(6) deposition Plaintiffs identified on August 17, 2026, and the depositions of the two additional Chula Vista Police Department officers would be lost. Those are the depositions that depend most directly on the documents Defendants have withheld since Plaintiffs' first set of requests for production was served on April 13, 2026 — nearly five months ago — and that are the subject of Plaintiffs' pending motion to compel. (Hoffman Decl. ¶¶ 2–9, 18–19.) The only dates Defendants offered for those depositions were four dates in the final ten days of the discovery period, on which Plaintiffs' counsel was not available. Plaintiffs respectfully submit that a scheduling position that would extinguish precisely the discovery tied to a pending motion to compel should not determine the scope of the continuance.

This is the first request by any party to continue any date in this action. The requested continuance moves all dates by the same period and is not sought for purposes of delay. (Iredale Decl. ¶ 15; Hoffman Decl. ¶ 26.)

Plaintiffs recognize that requests to amend the Scheduling Order that necessitate an extension of the motion filing cutoff, pretrial conference, and/or trial date are strongly disfavored and require a showing of exceptional circumstances. The sudden and unforeseeable incapacity of Plaintiffs' lead counsel, the unavailability of Defendants and their counsel for deposition dates within the discovery period, and Defendants' withholding of core documents that remains the subject of a pending motion to compel together constitute such circumstances. Should the Court prefer to continue only the discovery dates and to preserve the existing motion, pretrial conference, and trial dates, Plaintiffs are prepared to proceed on that basis.

## V. MEET AND CONFER AND NOTICE

At the August 17, 2026 meet and confer, Plaintiffs' counsel asked Defendants' counsel whether Defendants would agree to a ninety-day continuance

of all dates in the Scheduling Order, based on Mr. Iredale's medical condition and the parties' discovery dispute. Defendants' counsel did not refuse the request; Defendants' counsel asked Plaintiffs' counsel to send a proposed joint motion. (Hoffman Decl. ¶ 20.) On August 26, 2026, Plaintiffs' counsel emailed a proposed joint motion, together with the supporting declaration of Mr. Iredale, to Defendants' counsel. (Hoffman Decl. ¶ 21.) On August 31, 2026, Defendants' counsel sent an email advising that Defendants would not join it. (Hoffman Decl. ¶ 22.) Defendants agreed only to a continuance of the fact discovery deadline as to the depositions of the individual Defendant officers and indicated that they are open to continuing the other dates in the Scheduling Order, but they would not agree to a general continuance of the fact discovery cutoff. (Hoffman Decl. ¶ 23.) Because Defendants would not join a joint motion for the relief Plaintiffs seek, Plaintiffs bring this application ex parte under Section IX of the Chambers Rules.

On September 1, 2026, Plaintiffs' counsel gave Defendants' counsel notice of this ex parte application and of the relief sought, by email and by telephone. (Hoffman Decl. ¶ 27.)

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court continue the dates set forth in the Scheduling Order (ECF No. 12) by ninety (90) days, such that the fact discovery cutoff is continued from September 18, 2026 to December 17, 2026, and that all remaining dates be continued as set forth in the table above.

Dated: September 1, 2026 LAW OFFICE OF STEVE HOFFMAN, APC

s/ Steve Hoffman
Attorney for Plaintiffs

/ / /

/ / /

Dated: September 1, 2026

IREDALE & YOO, APC

s/ Eugene Iredale

Eugene Iredale
Julia Yoo
Peter Bibring
Chelsea Reherman
Attorneys for Plaintiffs