Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman, APC
770 First Avenue, Suite 250
San Diego, CA 92101
Tel: (619) 677-3015
Fax: (888) 320-9384
shoffmanlaw@gmail.com

Eugene Iredale (SBN 75292)
Julia Yoo (SBN 231163)
Peter Bibring (SBN 223981)
Chelsea Reherman (SBN 343446)
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Tel: (619) 233-1525/Fax: (619) 233-3221

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ

Plaintiff,

v.

THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA, EVAN LINNEY and DOES 1-25.

Defendants.

Case No.: 25-cv-3832-BTM-DEB

**DECLARATION OF STEVE HOFFMAN IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO AMEND SCHEDULING ORDER**

**DECLARATION OF STEVE HOFFMAN**

I, Steve Hoffman, declare as follows:

1. I am an attorney duly licensed to practice law before this Court and the principal of the Law Office of Steve Hoffman, APC. I am co-counsel of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2. On April 13, 2026, Plaintiffs served their First Set of Requests for Production of Documents on Defendants. Defendants served responses to those requests on May 13, 2026.

3. On May 15, 2026, Plaintiffs served their Second Set of Requests for Production of Documents on Defendants.

4. Plaintiffs' counsel Eugene Iredale and I met and conferred with Defendants' counsel on June 3, 2026 regarding the sufficiency of Defendants' responses to Defendants' responses to Plaintiffs' first set of requests. The parties agreed that supplemental responses to the first set of requests and responses to the second set would be served by Defendants by June 29, 2026.

5. Defendants served responses to both sets of requests for production on June 29, 2026. Plaintiffs' counsel emailed a letter to Defendants' counsel on July 8, 2026 regarding deficiencies in Defendants' responses to both sets of requests and requested a meet and confer.

6. The parties met and conferred on July 15, 2026. Defendants' counsel agreed to supplement the responses to both sets of requests by July 24, 2026, produce additional documents by July 31, 2026, and to jointly call the Court to schedule an Independent Discovery Conference.

7. The parties participated in a discovery conference with the Court regarding these disputes on August 12, 2026.

8. Notwithstanding those efforts, Defendants have refused to produce documents that Plaintiffs consider critical to adequately deposing the Defendant officers, including records of past misconduct by the Defendant officers and records concerning two prior in-custody death cases in which the Defendant officers were involved.

9. On August 28, 2026, Plaintiffs filed a motion to compel the production of these documents. (ECF No. 33.) That motion remains pending.

10. On July 24, 2026, Plaintiffs served interrogatories on Defendant Roxana Kennedy.

11. Defendants served responses to those interrogatories. The responses were not signed by Defendant Kennedy and provided no substantive answer to any of the twenty-five interrogatories.

12. On July 16, 2026, I emailed Defendants' counsel and advised that Mr. Iredale had undergone a medical procedure, that he had not fully recovered, and that we did not anticipate his return to work until July 27, 2026. The depositions of the individual Defendants scheduled for July 23, 24, 27, and 29, 2026 did not proceed on those dates.

13. On August 10, 2026, Plaintiffs served deposition notices for two depositions of Defendant City of Chula Vista's designees pursuant to Federal Rule of Civil Procedure 30(b)(6), noticed for September 9 and 11, 2026, and for the depositions of two additional Chula Vista Police Department officers, who are percipient witnesses, noticed for August 20 and 21, 2026.

14. On August 10, 2026, Plaintiffs also served amended notices for the depositions of Defendants Perdomo, Luhta, Linney, and Buyson, noticed for September 22, September 23, September 30, and October 9, 2026.

15. The dates set forth in those amended notices were provided to me by Defendants' counsel as the dates on which the individual Defendants were available. Each of those dates falls after the September 18, 2026 fact discovery cutoff set by the Scheduling Order.

16. Defendants served objections to the two noticed Rule 30(b)(6) depositions and to the depositions of the two additional Chula Vista Police Department officers, on the ground that the depositions were unduly burdensome.

17. The parties met and conferred regarding those objections on August 17, 2026. Plaintiffs agreed to take the noticed depositions off calendar because Defendants and/or Defendants' counsel were not available on the noticed dates.

18. In that meet and confer, Defendants provided only September 9, 16, 17, and 18, 2026 as available dates for the two Rule 30(b)(6) depositions and the depositions of the two additional Chula Vista Police Department officers. Plaintiffs' counsel was not available on those dates. I also informed Defendants' counsel that Plaintiffs intended to notice one additional Rule 30(b)(6) deposition, identified the subject matter of that deposition as the Chula Vista Police Department's de-escalation training, supervision, and compliance, and asked Defendants' counsel to begin identifying the appropriate designee for that subject matter.

19. I also advised Defendants' counsel in that meet and confer that all deposition dates depended on the production of the documents that Plaintiffs had been demanding and that are the subject of Plaintiffs' pending motion to compel.

20. In that same August 17, 2026 meet and confer, I asked Defendants' counsel whether Defendants would agree to a ninety-day continuance of all dates in the Scheduling Order, based on Mr. Iredale's medical condition and the parties' discovery dispute. Defendants' counsel did not refuse the request. Defendants' counsel asked me to send a proposed joint motion.

21. On August 26, 2026, I emailed a proposed joint motion for a continuance of the Scheduling Order dates, together with the supporting declaration of Eugene Iredale, to Defendants' counsel.

22. Defendants did not join the proposed joint motion. On August 31, 2026, Defendants' counsel sent an email to me advising that Defendants would not join.

23. Defendants agreed to continue the fact discovery deadline as to the depositions of the individual Defendant officers only. Defendants' counsel also advised that Defendants are open to continuing the other dates in the Scheduling Order. Defendants would not agree to a general continuance of the fact discovery cutoff.

24. Plaintiffs need to take at least nine additional depositions in this action: the depositions of the four individual Defendant officers, three depositions of Defendant City of Chula Vista's designees under Federal Rule of Civil Procedure 30(b)(6), and the depositions of two additional Chula Vista Police Department officers.

25. None of these depositions can be completed by the September 18, 2026 fact discovery cutoff.

26. This is the first request by any party to continue any date in this action. The requested ninety-day continuance is sought in good faith and not for purposes of delay.

27. On September 1, 2026, I gave Defendants' counsel notice of this ex parte application and of the relief Plaintiffs seek, by email and phone. In their August 31, 2026, Defendants' counsel stated that they will be preparing a limited opposition to Plaintiffs' application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2026, at San Diego, California

Steve Hoffman
Attorney for Plaintiff