**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
E-Mail: Tori.Bakken@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
E-Mail: Abigail.McLaughlin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, Officer THOMAS LUHTA, and SERGEANT EVAN LINNEY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA ENRIQUEZ, ALEYNA ENRIQUEZ, MIGUEL ENRIQUEZ, and THE ESTATE OF CARLOS ENRIQUEZ,,

Plaintiff,

vs.

THE CITY OF CHULA VISTA, ROXANA KENNEDY, in her individual capacity, ALFONSO PERDOMO, ROMAN BUYSON, THOMAS LUHTA and DOES 1-25,,

Defendant.

Case No. 25CV3832 BTM DEB
[*Hon. Barry Ted Moskowitz, Dist. Judge; Hon. Daniel E. Butcher, M. Judge*]

**DEFENDANTS' *LIMITED* OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE SCHEDULING ORDER DATES [DKT. 34]**

**TO THE HON. COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

Defendants THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, and Officer THOMAS LUHTA ("Defendants") hereby present their *Limited* Opposition to Plaintiffs' Ex Parte Application to Continue Scheduling Order Dates [Dkt. 34] and state as follows:

# TABLE OF CONTENTS

**Page**


1. INTRODUCTION & SUMMARY OF THE ARGUMENT. ........................... 1

2. RELEVANT SUMMARY OF FACTUAL AND PROCEDURAL MATTERS. ........................... 2

   A. The Parties Begin Discussing Scheduling of Various Depositions in Early April 2026. ........................... 2

   B. In June 2026, the Parties Confirmed Deposition Dates for the Defendant Officers. ........................... 2

   C. Plaintiffs Then Canceled The Officers' Depositions Because One Of Their Three Attorneys Had A Medical Procedure, But Defendants Offered Multiple Dates to Re-Schedule, Including Extension of the Fact Discovery Cut-Off as to Defendant Officers' Depositions Only. ........................... 3

   D. Plaintiffs' Ever-Expanding Target List: In August 2026, Plaintiffs Request Depositions of Two Non-Defendant Officers and Three PMKs For the First Time. ........................... 4

   E. In late August 2026, Plaintiffs Again Took Plaintiffs' Own Noticed Depositions Off Calendar, Pursuing Across-the-Board Continuance. ........................... 6

3. THERE IS NO GOOD CAUSE TO SUPPORT A BLANKET EXTENSION OF THE FACT DISCOVERY CUT-OFF DEADLINE. ........................... 7

4. PLAINTIFFS' PENDING WRITTEN DISCOVERY DOES NOT SUPPORT A BLANKET EXTENSION OF THE FACT DISCOVERY CUT-OFF. ........................... 11

5. DEFENDANTS DO *NOT* CONCEDE THEY WILL NOT BE PREJUDICED, BECAUSE DEFENDANTS WILL BE PREJUDICED. ........................... 12

6. CONCLUSION. ........................... 13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605 (9th Cir. 1992) .................... 12

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) .................... 8, 12

*U.S. Bank N.A. v. SFR Invs. Pool 1*, 2018 WL 701816 (D. Nev. Feb. 2, 2018) ......... 9

*Vaden v. Linn Star Transfer, Inc.*, 2019 WL 5212999 (N.D. Cal. Oct. 16, 2019) .................... 9

## RULES

S.D. Cal. L.R. 26.1 .................... 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION & SUMMARY OF THE ARGUMENT.

Defendants' Opposition is limited to Plaintiffs' request that the fact discovery cut-off be continued by about ninety (90) days because there is no good cause for a blanket of extension of such deadline for the following reasons:

First, Plaintiffs have not demonstrated good cause to support a blanket extension of the fact discovery cut-off as to all witness depositions and written discovery in this matter where Plaintiffs failed to diligently seek the subject depositions at issue and they have shown no good cause for more time to complete any other depositions or written discovery. Moreover, Defendants have already agreed to a limited extension of the fact discovery cut-off to allow Plaintiffs to take Defendant Officers' depositions and we have provided Plaintiffs with availability before the fact discovery cut-off for Plaintiffs to conduct take the other depositions, which Plaintiffs only requested a month before the cut-off. Plaintiffs cannot and have not provided evidence that the other depositions cannot take place prior to the discovery cut-off where Plaintiffs had three other capable counsel who can take these depositions, and over 6 months of discovery available before the original deadline, and yet Plaintiffs failed to take diligent action until fact discovery was nearly closed.

Second, Plaintiffs' pending written discovery does not support an extension of *all* of the fact discovery deadlines where Plaintiffs' Motion to Compel will likely be resolved before the Defendant Officers' scheduled depositions and, if it is not, Defendants already agreed to a ninety (90) day extension for those specific officers' depositions that will allow for such resolution.

Third, Defendants have already been and will be prejudiced if a blanket extension of the fact discovery cut-off is granted where several law enforcement officers have been forced to move around their work schedules and duties to the public multiple times in order to appear for their depositions, and Plaintiffs have already shown a penchant for overly burdensome and arguably irrelevant discovery into non-

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

incident matters, despite all *incident* recordings and records being produced many months ago. A blanket extension of the fact discovery cut-off will thus only cause Defendants to have to go through more scheduling obstacles, and address more pointless fishing expeditions, despite our prior flexibility where Defendants have attempted to do everything in their power to allow Plaintiffs' requested depositions to go forward in a timely manner: and Plaintiffs have repeatedly canceled such depositions, after they had previously confirmed them.

## 2. RELEVANT SUMMARY OF FACTUAL AND PROCEDURAL MATTERS.

### A. The Parties Begin Discussing Scheduling of Various Depositions in Early April 2026.

Discovery in this matter opened on February 12, 2026, when the Parties conducted their Rule 26(f) meeting. [McLaughlin Decl., ¶2.] On March 19, 2026, the Court then set the fact discovery completion deadline for September 18, 2026. [Dkt. 12 at 2:1-6.] On April 8, 2026, the Parties' counsel met and conferred regarding setting deposition dates, including Defendants' depositions of Plaintiffs and the medical examiner who conducted decedent's autopsy in this matter. [McLaughlin Decl., ¶3, Exh. A at pp. 29-30.] Plaintiffs' counsel also informed defense counsel that they would be sending an e-mail regarding what officer depositions they'd like to schedule. [*Id.* at p. 29.] Of note, defense counsel communicated that obtaining availability for the Defendant Officers' depositions would need a lot of lead time due to the Defendant Officers' complex shift assignments. [*See id.* at p. 22.]

### B. In June 2026, the Parties Confirmed Deposition Dates for the Defendant Officers.

On or about June 15, 2026, the parties' counsel discussed the Defendant Officers' depositions and, on June 22, 2026, defense counsel provided the Defendant Officers' availability on July 23, 24, 27, or 28, 2026 based on Plaintiffs' counsel's proffered availability. [*Id.* at p. 28.] On or about June 29, 2026, Plaintiffs then

confirmed deposition dates for Defendants Sergeant Linney, Officer Luhta, Officer Perdomo, and Officer Buyson via phone call with defense counsel. [*Id.* at pp. 26-27.]

On July 6, 2026, defense counsel followed up with Plaintiffs' counsel on the Defendant Officers' depositions because Defendants had yet to receive deposition notices for the same. [*Id.* at p. 26.] Plaintiffs served the deposition notices that same day: setting those depositions for [dates]. [*Id.* at p. 25.]

**C. Plaintiffs Then Canceled The Officers' Depositions Because One Of Their Three Attorneys Had A Medical Procedure, But Defendants Offered Multiple Dates to Re-Schedule, Including Extension of the Fact Discovery Cut-Off as to Defendant Officers' Depositions Only.**

On July 16, 2026, Plaintiffs' counsel notified defense counsel of Plaintiffs' counsel Eugene Iredale having some kind of medical procedure and they advised that they were taking the officer depositions off calendar and such would be rescheduled. [*Id* at p. 24.] That same day, based on Defendant Officers' availability and defense counsel's trial schedule, defense counsel offered that the Defendant Officers' depositions take place on September 16, 17, and 18, 2026: prior to the fact discovery cut-off in the matter. [*Id.* at pp. 22-23.] However, Plaintiffs' counsel "refuse[d] to believe that the officers have no availability within the next month," and requested four *earlier* dates in August for Defendant Officers' depositions. [*Id.* at p. 22.] Of note, on July 17, 2026, Plaintiffs' counsel also clarified that Mr. Iredale's doctor told Mr. Iredale that he could work, but he could not engage in any lengthy work or any stressful activities for at least another week. [*Id.*]

On July 20, 2026, after much re-scheduling, as requested, Defendants offered earlier deposition dates: specifically, August 28 and 31 and September 1 and 2, 2026 for Defendant Officers' depositions. [*Id.* at p. 20.] However, in response, Plaintiffs' counsel informed defense counsel that Plaintiffs' counsel had conflicts with those dates and they requested the discovery cut-off be extended outright, so as to secure mutually agreeable dates for these depositions. [*Id.* at p. 20.]

On July 21, 2026. Defendants' responded that they would be amenable to a *limited* extension of the fact discovery deadline *as to the Defendant Officers' depositions only* (as those were the only outstanding depositions that had been communicated by Plaintiffs at that point in time) and Defendants offered sixteen different days for Defendant Officers' depositions taking place over the end of September and beginning of October 2026. [*Id.* at p. 19.]

After receiving no response from Plaintiffs' counsel, defense counsel followed up on July 30, 2026, requesting a response by August 7, 2026 so that the Defendant Officers' deposition dates could be finalized. [*Id.* at pp. 17-18.] However, on August 7, 2026, Plaintiffs informed Defendants that Mr. Iredale was now reportedly in the hospital, and they asked Defendants to hold the previously offered deposition dates open while they awaited an update on Mr. Iredale's status. [*Id.* at pp. 16-17.] Without any other explanation, Plaintiffs also requested a sixty (60) day extension of *all* case management deadlines. [*Id.*]

**D. Plaintiffs' Ever-Expanding Target List: In August 2026, Plaintiffs Request Depositions of Two Non-Defendant Officers and Three PMKs For the First Time.**

Then, on August 10, 2026, Defendants informed Plaintiffs that, as the only outstanding fact discovery (to Defendants' knowledge)[1] was Plaintiffs' deposition of the Defendant Officers, Defendants would *only* agree to an extension of the fact discovery deadline as to the Defendant Officers' depositions only, as well as the requested extension of all other deadlines by about sixty (60) days (so as to preserve

---

[1] Defendants have completed all of their necessary fact discovery in this matter, including the following depositions: (1) Plaintiff Maria Enriquez on June 4, 2026; (2) incident witness Ariel Islas on June 17, 2026; (3) incident witness Gonzalo J.R. Islas on June 17, 2026; (4) Plaintiff Miguel Enriquez on June 18, 2026; (5) incident witness Joseph Islas on June 23, 2026; (6) Plaintiff Aleyna Enriquez on June 24, 2026; (7) incident witness Jose Ibanez on June 25, 2026; (8) medical examiner Dr. Greg Pizzaro on July 3, 2026; and (9) incident witness Dana Durst-Hartman on July 13, 2026.

a schedule where MSJ was not due until *all* discovery was completed), but otherwise that Defendants would *not* agree to any other extension of the time to complete fact discovery. [*Id.* at pp. 15-16.]

That same day, Plaintiffs then served Defendants with notices and subpoenas for the following depositions:(1) Officer Jorge Chinolla on August 20, 2026; (2) Officer Rafael Duran on August 21, 2026; (3) Person Most Knowledgeable ("PMK") re BearCat Police Vehicle Use and Deployment on September 9, 2026; (4) PMK regarding Officer Discipline on September 11, 2026; (5) Defendant Officer Perdomo on September 22, 2026; (6) Defendant Officer Luhta on September 23, 2026; (7) Defendant Sergeant Linney on September 30, 2026; and (8) Defendant Officer Roman Buyson on October 9, 2026. [*Id.* at pp. 14-15; McLaughlin Decl., ¶4.] Notably, this was the <u>first</u> time that Plaintiffs had advised Defendants that they were seeking the depositions of Officer Chinolla, Officer Duran, a PMK re Officer Discipline, and/or a PMK re Bearcat Police Vehicle Use and Deployment. [McLaughlin Decl., ¶4.] Notably, all of the depositions except those of Defendant Officers were set for dates before the September 18 cut-off.

On August 12, 2026, Defendants served objections to the Plaintiffs' deposition notices to Officers Chinolla and Duran[2] and requested the Parties meet and confer. [Exh. A at pp. 13-14; McLaughlin Decl., ¶5.]

On August 17, 2026, after the Parties met and conferred, Defendants confirmed that the Parties had found workable dates before the September 18, 2026 fact discovery cut-off for the depositions of Officers Chinolla and Duran and the two PMKs, which Plaintiffs would confirm by August 24, 2026. [Exh. A at p. 9.] Defendants further confirmed the Defendant Officers would be produced for

---

[2] The Declaration of Steve Hoffman erroneously states that Defendants served objections to Officers Chinolla and Duran's depositions *and* the PMK depositions. [*Compare* Dkt. 34-2 at ¶16 *with* McLaughlin Decl., ¶5, Exh. B.]

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

depositions on the noticed dates, and that Defendants remained agreeable to reasonably extending the discovery cut-off as to the Defendant Officers' depositions *only*, if needed, so those depositions could properly go forward. [*Id.*] Additionally, at the August 17, 2026 meet and confer, Plaintiffs let Defendants know for the first time that they may also be seeking the deposition of a PMK regarding de-escalation, and Plaintiffs would get back to Defendants as soon as possible confirming whether they were going to notice such deposition. [*Id.* at p. 10.]

**E. In late August 2026, Plaintiffs Again Took Plaintiffs' Own Noticed Depositions Off Calendar, Pursuing Across-the-Board Continuance.**

On August 25, 2026, defense counsel followed up with Plaintiffs' counsel for an update on the pending depositions, seeking confirmation, due to lack of response. [*Id.* at p. 6.] On August 26, 2026, Plaintiffs provided a draft of a proposed Joint Motion to Continue the Scheduling Order Dates. [*Id.* at p. 5.] Plaintiffs' draft stated that the "parties have been unable to reach agreeable dates for the defendants' depositions," even though Plaintiffs had served Notices of Depositions for the Defendant Officers' depositions for the dates proposed by Defendants. [*Id.* at pp. 3-4.] Thus, Defendants asked clarification regarding if those depositions were now going off-calendar and Defendants again asked for confirmation regarding Officers Chinolla and Duran and the PMKs' depositions. [*Id.* at p. 4.]

In response, on August 28, 2026, Plaintiffs stated that they were filing a Motion to Compel Production of Documents that they believed were necessary in order to move forward with the depositions of Defendant Officer Perdomo (scheduled for September 22, 2026); Defendant Officer Luhta (scheduled for September 23, 2026); Defendant Sergeant Linney (scheduled for September 30, 2026); and the PMK re Officer Discipline (scheduled for September 11, 2026). [*Id.* at p. 3.] Per Plaintiffs, "[b]ecause this motion will not be decided before their currently deposition dates … those depositions should be taken off calendar until the discovery dispute is resolved." [*Id.*] Yet, the Court's briefing schedule for Plaintiffs' Motion to Compel will be

completed on September 4, 2026, when Defendants file their Opposition to the same: more than likely leaving more than enough time for Plaintiffs to receive that at-issue documents (*if* the Court decides in Plaintiffs' favor) before at least the Defendant Officers' depositions. [*See* Dkt. 32 (replies not permitted).]

In other words, despite Defendants twice proffering deposition dates for the Defendant Officers, including under an extended proposed deadline, which Plaintiffs twice noticed and twice confirmed, and despite Defendants even making available the non-defendant officers Plaintiffs had requested less than a month before fact discovery was set to close, Plaintiffs again canceled their own noticed depositions, rejected a defense proposal for a limited discovery extension, and switched to pursuit of an across-the-board discovery extension: presumably so as to continue to expand the scope of the eleventh-hour discovery Plaintiffs now seek to obtain.

After Plaintiffs rejected the defense counter-proposal for a limited extension as to the Defendant Officers only and production of the previously-noticed non-defendants before the current deadline, on September 1, 2026, Plaintiffs filed the subject *Ex Parte* Application. [Dkt. 34; Exh. A at p. 1.] Of note, this *Ex Parte* Application was the <u>first</u> time that Plaintiffs communicated that Mr. Iredale does not anticipate resuming full workdays until the end of September, and that Mr. Iredale is receiving daily intravenous antibiotic infusions through September 17, 2026 – the day before the fact discovery cutoff. [Dkt.34 at 8:8-13.] However, *nowhere* in the *Ex Parte* or in any meet-and-confer have Plaintiffs explained why *only* one of the attorneys who have appeared in this case on their behalf is capable of taking any of the Defendant Officer or other depositions sought.

**3. THERE IS NO GOOD CAUSE TO SUPPORT A BLANKET EXTENSION OF THE FACT DISCOVERY CUT-OFF DEADLINE.**

Plaintiffs claim that they have been "diligent" regarding discovery and the requested extension in this matter. However, as discussed in detail above, Plaintiffs have <u>not</u> been diligent when it comes to the requested depositions. Rather, out of the

seven (7) months the Court allotted for the completion of fact/non-expert discovery, Plaintiffs waited four months to even start trying to depose the Defendant Officers; then, after initially complaining that those depositions were not going forward *early* enough, Plaintiffs themselves forced those depositions to be set for dates less than a month before the fact discovery cut-off – only to cancel those very same depositions not once, but twice, after they had been confirmed. [*See generally* Exh. A.] Similarly, Plaintiffs waited until six of the seven months allotted for fact discovery had passed before they ever attempted to seek any depositions of non-party officers: such as the shooting bystanders and PMKs Plaintiffs added to their deposition targets list in August 2026. [*Id.* at pp. 14-15; McLaughlin Decl., ¶4.]

Indeed, after Defendants' requested dates for Plaintiffs' intended Defendant Officers' depositions in early April 2026, it took Plaintiffs until the end of June to provide dates and for the dates to be confirmed via deposition notices on July 6, 2026. [Exh. A at pp. 25-29.] Thereafter, after taking those Defendant Officers' depositions off calendar, on August 10, 2026, Plaintiffs' re-noticed Defendant Officers' depositions *and* <u>for the first time</u> noticed depositions of two PMKs <u>a month before the discovery cut-off</u>. [Exh. A at pp. 14-15; McLaughlin Decl., ¶4.] Then, on August 17, 2026, Plaintiffs advised <u>for the first time</u> that they may need an additional PMK deposition. [Exh. A at p. 10.]

Now, despite Defendants working diligently to allow for Plaintiffs' requested depositions of Officers Chinolla and Duran and the three PMKs to take place prior to the discovery cut-off and being willing to agree to an extension as to the Defendant Officers' depositions, Plaintiffs request a blanket ninety (90) day fact-discovery extension for an issue they've created. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have.")

While Defendants are certainly sympathetic to Mr. Iredale's health issues and Defendants have been flexible in providing dates for depositions multiple times in

light of these health issues, Plaintiffs provide no evidence that Mr. Iredale's health issues caused the delay in requesting the *five* additional depositions only a month before the fact discovery cut-off in this matter.

Moreover, Plaintiffs' are currently represented by three highly capable attorneys in addition to Mr. Iredale. [Dkt. 34 at p. 1; *see* Dkt. 32 (noting Plaintiffs' counsel Steve Hoffman, Peter Bibring, and Chelsea Reherman all appeared at an August 12, 2026 IDC in this matter).] Plaintiffs have not provide any reason why any of these three attorneys cannot take the requested depositions in this matter. *See Vaden v. Linn Star Transfer, Inc.*, 2019 WL 5212999, at *2, 3 (N.D. Cal. Oct. 16, 2019) (explaining that each attorney of record has an independent responsibility to diligently advance the case so as to meet the deadlines in the scheduling order); *see also U.S. Bank N.A. v. SFR Invs. Pool 1*, 2018 WL 701816, at *5-6 (D. Nev. Feb. 2, 2018) (explaining that all attorneys of record, including supervising attorneys, are obligated to meet deadlines).

Contrary to Plaintiffs' assertions, Defendants are not forcing Plaintiffs to take nine depositions on the day before the fact discovery cut-off. [*See* Dkt. 34 at 23-24.] Rather, Defendants are amenable to continuing the fact discovery cut-off to allow for Defendant Officers' depositions to take place on the dates already agreed upon and noticed by Plaintiffs – (1) Defendant Officer Perdomo on September 22, 2026; (2) Defendant Officer Luhta on September 23, 2026; (3) Defendant Sergeant Linney on September 30, 2026; and (4) Defendant Officer Roman Buyson on October 9, 2026 – and to keep the other depositions on calendar on four dates prior to the fact discovery cut-off: (1) Officer Jorge Chinolla on September 16, 2026; (2) Officer Rafael Duran on September 17, 2026; (3) PMK re BearCat Use and Deployment on September 18, 2026; (4) PMK re Officer Discipline on September 9, 2026; and (5) PMK re De-Escalation on a date amenable to the Parties once Plaintiffs provide availability. Plaintiffs have provided no evidence why these depositions cannot go forward as previously discussed beyond one attorney's unavailability due to medical issues,

which Plaintiffs state will resolve prior to the four Defendant Officers' depositions in any event.

The bottom line is that the only reason these depositions have not been completed already is because Plaintiffs keep taking confirmed depositions off-calendar and insisting that only one of their three experienced trial attorneys can take any of the depositions they now desire. These ever-moving goalposts and ever-expanding targets list on the eve of discovery cut-off are both evidence that Plaintiffs have not been diligent in seeking the discovery (depositions) which they now claim cannot be completed without an across-the-board extension of the fact discovery deadline as to all matters (not just the depositions, but anything else they neglected to address before only days remained until fact discovery closed). This lack of diligence, and constantly moving targets, is/are unfair and prejudicial to Defendants, as explained in the specified section below.

Moreover, Plaintiffs never explain why, if they knew about Mr. Iredale's medical problems in July 2026, and they found Defendants' proposed solution (limited extension) unsatisfactory (since Defendants' proffer has not changed since these issues first arose), Plaintiffs did not bring their continuance motion on *regular notice*. This situation is not one where Plaintiffs just learned, less than 4 weeks before the motion could be heard, about the problem allegedly necessitating relief. Nor have Plaintiffs ever explained why the alleged need to take the requested depositions necessitates any extension of the deadline for completing written fact discovery; or why Defendants' counteroffer is inadequate.

Particularly where, as here, a party seeking an *ex parte* continuance cannot show that the "emergency" necessitating relief arose despite the exercise of due diligence, that party cannot show good cause for *ex parte* relief.

Accordingly, because Plaintiffs have failed to show good cause to support a blanket extension of the fact discovery cut-off and the issues proffered by Plaintiffs can be remedied by Defendants' proposal of a limited extension of the fact discovery

cut-off of Defendant Officers' depositions *only*, since the other requested depositions can occur before the discovery cut-off, the Court should deny Plaintiffs' request for a blanket extension and *only* extend the fact discovery cut-off in this matter as to Defendant Officers' depositions.

**4. PLAINTIFFS' PENDING WRITTEN DISCOVERY DOES NOT SUPPORT A BLANKET EXTENSION OF THE FACT DISCOVERY CUT-OFF.**

Plaintiffs argue that, "[i]ndependently, the depositions cannot responsibly go forward because Defendants have not produced documents central to them." [Dkt. 34 at 9:10-11.] However, as admitted by Plaintiffs, the requested documents are only "critical to adequately deposing the Defendant officers." [*Id.* at 9:14-16.]

As an initial matter, the discovery dispute surrounding Plaintiffs' request for documents is not a "history .. of repeated commitments and repeated non-compliance." [*Id.* at 9:11-12.] Rather, the Parties productively met and conferred (and Defendants' supplemented their written discovery responses) to narrow their discovery dispute to the Parties' disagreement over whether records associated with prior incidents involving Defendants Officer Luhta, Officer Perdomo, and Sergeant Linney are discoverable. [McLaughlin Decl., ¶6, Exh. C.] After an Informal Discovery Conference where the Court issued its tentative thoughts was to side with Defendants on some items and Plaintiffs on others, the Parties reached an impasse and Plaintiffs filed their Motion to Compel. [McLaughlin Decl., ¶7; *see* Dkt. 32.]

As discussed, the briefing on Plaintiffs' Motion to Compel will be completed on September 2, 2026. [Dkt. 32.] Thus, because the first Defendant Officer deposition is not set until September 22, 2026, it is more likely than not that, *if* the Court grants the Motion to Compel, Plaintiffs will have those documents in hand and can conduct the deposition accordingly (and if the Court, as it should, denies such motion, then the extension is moot anyway). Moreover, even if more time is needed, such issue is solved because Defendants are amenable to an extension of the fact

discovery cut-off as to the Defendant Officers' depositions *only* for the ninety (90) day period requested by Plaintiffs. Meaning, once again, Plaintiffs' proposed across-the-board extension is an overbroad relief that is not narrowly tailored to the purported underlying cause.

Additionally, Plaintiffs' argument pertaining to Defendant Chief Kennedy's interrogatory responses should not be considered by this Court, as Plaintiffs have not met and conferred with Defendants on this issue. *See* S.D. Cal. L.R. 26.1(a).

**5. DEFENDANTS DO *NOT* CONCEDE THEY WILL NOT BE PREJUDICED, BECAUSE DEFENDANTS WILL BE PREJUDICED.**

Notwithstanding the fact that the burden is solely on Plaintiffs' to demonstrate good cause for the requested relief, and Defendants do not have to prove prejudice (though it is a factor that may be considered by this Court), Defendants will be prejudiced by a blanket extension of the fact discovery cut-off in this matter. *See Mission Power Eng'g Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 607-609 (9th Cir. 1992).

In fact, Defendants have already been prejudiced by continually having to make availability for the requested depositions and then, when Plaintiffs refuse such available dates or take the depositions off-calendar, doing it again. [*See generally* Exh. A at p. 22.] Plaintiffs' requested depositions are all of law enforcement officers who have duties to the public, firm work schedules, and ongoing trainings that are put on hold every time that deposition dates are changed. [McLaughlin Decl., ¶8.] As outlined above, Defendants have made every effort to provide Plaintiffs with their requested discovery and Plaintiffs keeps shifting the goal posts in such a way that Defendants now anticipate that a blanket extension of the fact discovery cut-off will result in even more last-minute depositions and other gamesmanship.

Every time that Plaintiffs set/confirm depositions, and then cancel them, costs Defendants time and legal fees. Moreover, particularly since Plaintiffs have shown that they are more interested in burdensome discovery of non-incident matters (like

prior uses of force) than evaluation of the voluminous incident records/recordings already produced to them, and particularly since Plaintiffs have already shown (by their eleventh-hour ever-expanding targets list) that their true objective here is to expand the scope of discovery (to make up for things they apparently neglected to timely seek), by allowing an across-the-board discovery extension, Defendants would be prejudiced by the expanded scope of discovery (and associated costs of defense) that Plaintiffs now untimely seek.

Alternatively, Defendants have proposed a judicially economical solution that prevents prejudice to Defendants: a limited extension of the fact discovery cut-off for those party depositions that cannot take place beforehand, which are Defendant Officers' depositions, and permitting the previously noticed/confirmed non-party officer depositions to otherwise proceed as Plaintiffs had already set. Such proposal should be granted by this Court, not Plaintiffs' blanket fact discovery cut-off extension.

**6. CONCLUSION.**

Based on the foregoing, Defendants request that this Court grant a ninety (90) day extension of the fact-discovery cut-off as to Defendant Officers' depositions only and extend all other case management deadlines by ninety (90) days.

DATED: September 2, 2026 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Abigail J.R. McLaughlin*
TONY M. SAIN
TORI L. N. BAKKEN
ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
THE CITY OF CHULA VISTA, Chief ROXANA KENNEDY, Officer ALFONSO PERDOMO, Officer ROMAN BUYSON, and Officer THOMAS LUHTA

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**
Maria Enriquez, et al. v. The City of Chula Vista, et al.
USDC Case No. 2:25-CV-3832-BTM-DEB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 2, 2026, I served the following document(s): **DEFENDANTS' *LIMITED* OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE SCHEDULING ORDER DATES; DECLARATION OF ABIGAIL J.R. McLAUGHLIN; and EXHIBITS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 2, 2026, at Los Angeles, California.

/s/ Abigail J.R. McLaughlin
Abigail J.R. McLaughlin

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**Maria Enriquez, et al. v. The City of Chula Vista, et al.**
**USDC Case No. 2:25-CV-3832-BTM-DEB**

Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman, APC
770 First Avenue, Suite 250
San Diego, CA 92101
Telephone: 619.677.3015
Facsimile: 888.320.9384
Email: shoffmanlaw@gmail.com
admin@stevehoffman.lawver

Attorneys for Plaintiffs Maria Enriquez, Aleyna Enriquez, Miguel Enriquez, and the Estate of Carlos Enriquez

Eugene Iredale (SBN 75292)
Julia Yoo (SBN 231163)
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: 619.233.1525
Facsimile: 619.233.3221
Email: egiredale@iredalelaw.com
jyoo@iredalelaw.com
admin@iredalelaw.com
creherman@iredalelaw.com
pbibring@iredalelaw.com
sbrockett@iredalelaw.com
smusumeci@iredalelaw.com
contact@iredalelaw.com

Attorneys for Plaintiffs Maria Enriquez, Aleyna Enriquez, Miguel Enriquez, and the Estate of Carlos Enriquez