# EXHIBIT C

LEWIS BRISBOIS

Tony M. Sain
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tony.Sain@lewisbrisbois.com
Direct: 213.358.6041

July 24, 2026

File No. 058702.000007

**ATTORNEY WORK PRODUCT**

Steve Hoffman, Esq.
Law Office of Steve Hoffman, APC
770 First Street, Suite 250
San Diego, CA 92101
Tel: (619) 677-3015
Fax: (888) 320-9384
shoffmanlaw@gmail.com

Eugene Iredale, Esq.
Iredale & Yoo, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Tel: (619) 233-1525
Fax: (619) 233-3221
egiredale@iredalelaw.com

Re: **ENRIQUEZ, Maria, et al. v. The City of Chula Vista, et al.**
Case No. 2:25-cv-3832-BTM-DEB (U.S.D.C., S.D. Cal.)
Incident Date: 04/19/2025
Fact DCO: 09/18/2026
Trial Date: TBD

Dear Counsel:

This correspondence is in response to your July 8, 2026 correspondence regarding Defendants' purportedly deficient Supplemental Responses to Plaintiffs' Requests for Production, Set One and Responses to Requests for Production, Set Two, and in furtherance of our July 15, 2026 Zoom meet and confer.

**Defendants' Supplemental Responses to Plaintiffs' Requests for Production, Set One.** Pursuant to Plaintiffs' meet and confer correspondence and the Parties' Zoom meet and confer, Defendants have provided Second Supplemental Responses to Plaintiffs' Requests for Production No. 7, 10-13, 14-17, 31-34 and specified what records, if any, are being withheld on the basis of Defendants' objections. Under the understanding that Plaintiffs are not seeking records regarding personal employment information, *i.e.* salary, emergency contact information, within the individual Defendants' personnel files and as specified in Defendants' Second Supplemental Responses to Plaintiffs' Requests for Production, Set One, Defendants have produced all responsive records and are only withholding records related to CVPD Complaint/Disposition Reports regarding Defendant Officer Perdomo and Defendant Officer Luhta that Defendants do not believe involve incidents

similar to the at-issue incident in this matter. As discussed at our Zoom meet and confer, while this does not resolve all of the Parties' disputes, we believe it has narrowed the issue for the Court, which is that Plaintiffs believe they are entitled to discovery of *any* records related to *any* use of force incidents involving the individual Defendants, while Defendants believe that Plaintiffs are only entitled to discovery of records related to incidents involving the individual Defendants related to the individual Defendants' uses of force in the at-issue incident, *i.e.* records regarding any incidents involving Officer Perdomo where Officer Perdomo used lethal force and/or a K-9 and records regarding any incidents involving Officer Luhta where Officer Luhta used lethal force.

**Defendants' Responses to Plaintiffs' Requests for Production, Set Two.** Pursuant to Plaintiffs' meet and confer correspondence and the Parties' Zoom meet and confer, Defendants have provided Supplemental Responses to Plaintiffs' Requests for Production No. 62-70 and specified what records, if any, are being withheld on the basis of Defendants' objections. As with Defendants' Second Supplemental Responses to Plaintiffs' Requests for Production, Set One, while this does not resolve all of the Parties' disputes, we believe it has narrowed the issue for the Court, which is that Plaintiffs believe they are entitled to discovery of *any* records related to *any* use of force incidents involving the individual Defendants, while Defendants believe that Plaintiffs are only entitled to discovery of records related to incidents involving the individual Defendants related to the individual Defendants' uses of force in the at-issue incident, *i.e.* Plaintiffs seek discovery of the Nunis and Watts incidents and Defendants believe such incidents are not sufficiently similar to the at-issue incident in this matter to be discoverable.

**Supplemental Production.** As discussed at the Parties' Zoom meet and confer, Defendants will provide a re-production of all previously produced documents to clarify which documents are responsive to which of Plaintiffs' Requests for Production on or before July 31, 2026. Additionally, Defendants are determining if there are any further responsive records regarding: (1) the underlying incident records in the Bradley Munroe and Perri A. Sammarco OIS incidents;[1] (2) the individual Defendants' job applications to CVPD; and (3) the verbal counseling given to Officer Perdomo in Case Nos. 2307212, 2306791, 2302651, 2216843, and 2214528 as identified in "CVPD Professional Standards Unit Complaint/Disposition Report re K9 Officer Perdomo 02.12.24 [CVPD 020941-CVPD 020982]." If responsive records are identified, Defendants will provide such in a supplemental production on or before July 31, 2026 or, if Defendants determine there is a basis for withholding of such records, provided the basis for withholding and specify the records withheld.

[1] Defendants are not currently withholding any responsive records related to the Munroe and Sammarco OIS incidents based on Defendants' objections to Plaintiffs' Requests for Production Nos. 56-61.

If you believe that there needs to be any further discussion prior to our joint call with Judge Butcher's clerk on Tuesday, July 28, 2026 at 1:00 p.m., we are available after 11:00 a.m. on Monday, July 27, 2026.

Respectfully,

Abigail McLaughlin
Tony M. Sain
Tori L.N. Bakken
Abigail J.R. McLaughlin
LEWIS BRISBOIS BISGAARD &
SMITH LLP