# EXHIBIT A

**McLaughlin, Abigail**

| | |
|---|---|
| **From:** | McLaughlin, Abigail |
| **Sent:** | Thursday, August 20, 2026 5:45 PM |
| **To:** | Steve Hoffman |
| **Cc:** | Eugene Iredale; Law Office of Steve Hoffman; Jessica Colburn; Chelsea Reherman; Peter Bibring; sbrockett@iredalelaw.com; contact@iredalelaw.com; Sain, Tony; Bakken, Tori; Medina, Christina; Hamedi, Ali; Hernandez, Emily |
| **Subject:** | RE: Enriquez (PC) Responses to Requests for Production and Correspondence re Meet and Confer |

Hi Steve,

As previously mentioned at the IDC, I am currently in trial through at least Monday, August 24, 2026. To be safe, we can set a meet and confer for Wednesday.

I have spoken to my client and can confirm, per the Court's request, that none of the withheld IA investigations involve allegations or inferences of dishonesty, so we are not planning to produce them at this time. Additionally, we will continue to withhold the other at-issue documents (Luhta's IA Report re the K-9 Use of Force; the Watts Incident; and the Nunis Incident) unless the Court orders their production.

I am happy to discuss further on Wednesday, please let me know what time works best on your end. Thank you,

Abigail

**Abigail J. R. McLaughlin** (She/Her)
**Partner**
**Abigail.McLaughlin@lewisbrisbois.com**

**T: 213.358.6001 F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

Mansfield Rule Certified Plus 2023–2025
Powered by DIVERSITYLAB

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Steve Hoffman <shoffmanlaw@gmail.com>
**Sent:** Thursday, August 20, 2026 3:57 PM
**To:** McLaughlin, Abigail <Abigail.McLaughlin@lewisbrisbois.com>

**Cc:** Eugene Iredale <egiredale@iredalelaw.com>; Law Office of Steve Hoffman <admin@stevehoffman.lawyer>; Jessica Colburn <admin@iredalelaw.com>; Chelsea Reherman <creherman@iredalelaw.com>; Peter Bibring <pbibring@iredalelaw.com>; sbrockett@iredalelaw.com; contact@iredalelaw.com; Sain, Tony <Tony.Sain@lewisbrisbois.com>; Bakken, Tori <Tori.Bakken@lewisbrisbois.com>; Medina, Christina <Christina.Medina@lewisbrisbois.com>; Hamedi, Ali <Ali.Hamedi@lewisbrisbois.com>; Hernandez, Emily <Emily.Hernandez@lewisbrisbois.com>
**Subject:** Re: Enriquez (PC) Responses to Requests for Production and Correspondence re Meet and Confer

EXTERNAL

Good afternoon Abigail,

Judge Butcher set a deadline of August 28, 2026 for plaintiffs to file a motion to compel, if necessary. My recollection is that you had planned to discuss Judge Butcher's inclinations at the IDC with your client and then we would meet and confer. Are you available to meet and confer tomorrow?

Thanks,

Steve

# EXHIBIT B

FILED
APR 30 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ESTATE OF ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS, individually and as Administratrix of the ESTATE; and NAOMI NUNIS, Individually; ABIGAIL TABITHA NUNIS, Individually; and WILLIE MAE KIRKLAND as Guardian ad Litem for J.C.N.; KIMONE NUNIS; ORAL W. NUNIS; ANDRE NUNIS; and LUDECEA NUNIS,

Plaintiffs,

v.

CITY OF CHULA VISTA, BRIAN OLSEN, EVAN LINNEY, DAVID RIVERS, and MANUAL PADILLA,

Defendants.

Case No.: 21-CV-1627 TWR (DEB)

**SPECIAL VERDICT FORM**

We, the jury, being first empaneled and sworn, do find our verdict as follows:

**ISSUE 1: PRE-FORCE TACTICAL NEGLIGENCE (*Hayes* Negligence)**

1. During the incident at issue, before any force or restraint was used on ORAL W. NUNIS, SR. by any officer, did the defendant police officer engage in unreasonable tactical conduct leading up to and precipitating that officer's use of force that could have caused that officer's subsequent use of force to be unreasonable under California law?

| | | |
|---|---|---|
| Agent EVAN LINNEY | YES ________ | NO ___X___ |

Proceed to Question No. 2 (Issue 2).

**ISSUE 2: USE OF FORCE (§ 1983 Excessive Force, Battery, Negligence in Force, Bane Act Violation)**

2. During the incident at issue, did one or more of the defendant police officers use excessive or unreasonable force or restraint on ORAL W. NUNIS, SR.?

| | | |
|---|---|---|
| Agent EVAN LINNEY | YES ________ | NO ___X___ |
| Officer MANUEL PADILLA | YES ________ | NO ___X___ |
| Officer BRIAN OLSON | YES ________ | NO ___X___ |
| Officer DAVID RIVERS | YES ________ | NO ___X___ |

If your answer to Question No. 2 was No for <u>all</u> defendants, **answer no more questions on this Verdict Form** and have the presiding juror sign and date this form in the space provided at the end.

However, if your answer to Question No. 2 was Yes for <u>any</u> defendant, proceed to Question No. 3 (Issue 3).

Case 3:25-cv-01623-TWR-DEB Document 273 Filed 04/03/23 PageID.12596 Page 3 of 11

**ISSUE 3: CAUSATION (All Force Claims)**

3. For only the officer defendant(s) for whom you gave a "Yes" answer to Question No. 2 above, did the use of excessive or unreasonable force by such officer defendant(s) proximately cause (for federal-law claims) or substantial factor cause (for state-law claims) the death of ORAL W. NUNIS (Sr.)?

(You may not answer "Yes" for any officer defendant(s) to this Question where you answered "No" to Question No. 2, above.)

YES ________ NO ________

Proceed to Question No. 4.

4. For the officer defendant(s) for whom you gave a "Yes" answer to Question No. 2, did that above-specified defendant's or defendants' use of excessive or unreasonable force proximately cause (for federal-law claims) or substantial factor cause (for state-law claims) the non-fatal injuries of ORAL W. NUNIS, SR.?

(You may not answer "Yes" for any officer defendant(s) to this Question where you answered "No" to Question No. 2, above.)

YES ________ NO ________

If your answer to Question Nos. 3 and 4 was "No," **answer no more questions on this Verdict Form** and have the presiding juror sign and date this form in the space provided at the end.

If your answer(s) to Question Nos. 2 (for any officer) and 3 or 4 was "Yes" (for any officer), proceed to Question No. 5 (Issue 4).

**ISSUE 4: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

5. If your answer to Question No. 2 was Yes for any officer defendant and your answer to Question Nos. 3 or 4 was also Yes for any defendant, during the incident at issue, did the above-specified defendant(s) use excessive or unreasonable force on ORAL W. NUNIS, SR. with reckless disregard of the probability that bystander plaintiff KIMONE NUNIS would suffer severe emotional distress?

YES ________ NO ________

Proceed to Question No. 6 (Issue 5).

**ISSUE 5: DENIAL OF MEDICAL CARE**

6. During the incident at issue, did one or more of the defendant police officers unreasonably fail to provide or summon adequate medical care for ORAL W. NUNIS, SR.?

| | | |
|---|---|---|
| Agent EVAN LINNEY | YES ________ | NO ________ |
| Officer MANUEL PADILLA | YES ________ | NO ________ |
| Officer BRIAN OLSON | YES ________ | NO ________ |
| Officer DAVID RIVERS | YES ________ | NO ________ |

Proceed to Question No. 7 (Issue 6).

**ISSUE 6: CAUSATION (Denial of Medical Care Claims)**

7. For the officer defendant(s) for whom you gave a "Yes" answer to Question No. 6, did the failure of such officer defendant(s) to provide or summon adequate medical care proximately cause the death of ORAL W. NUNIS, SR.?

YES ________ NO ________

Proceed to Question No. 8 (Issue 7).

Case 3:21-cv-01627-TWR-DEB Document 273 Filed 04/22/24 PageID.20259 Page 5 of 11

**ISSUE 7: BANE ACT CLAIM**

8. If your answer to Question Nos. 3 or 4 or 7 was "Yes" for any defendant officer, did that above-specified defendant officer use excessive or unreasonable force on ORAL W. NUNIS, SR. so as to intentionally or recklessly interfere with the exercise of ORAL W. NUNIS, SR.'s associated constitutional/legal right to be free from unreasonable/excessive force?

YES ________ NO ________

Proceed to Question No. 9 (Issue 8).

**ISSUE 8: DAMAGES**

9. [*Negligence Toward Decedent.*] If your answer to Question Nos. 3 or 4 or 7 was "Yes," what amount of damages, if any, do you find that decedent ORAL W. NUNIS, SR. sustained as a result of the negligent actions of the above-specified officer defendant(s)?

Negligence in Pre-Force Tactics or Force:

$________________________________

Negligence in Providing or Summoning Medical Care:

$________________________________

Negligence Resulting in Pre-Death Suffering of ORAL W. NUNIS, SR.:

$________________________________

Proceed to Question No. 10.

10. [*Other Harms Toward Decedent*.] If your answer to Question Nos. 3 or 4 or 7 was "Yes," what amount of damages, if any, do you find that decedent ORAL W. NUNIS, SR. sustained as a result of the non-negligent actions of the above-specified officer defendant(s)?

Excessive Force, Battery, or Bane Act Violation, etc.:

$______________________________

Actions Resulting in Pre-Death Suffering of ORAL W. NUNIS, SR.:

$______________________________

Proceed to Question No. 11.

11. [*Negligent Infliction of Emotional Distress*.] If your answer to Question Nos. 3 or 4 and 5 was "Yes," what amount of damages, if any, do you find that plaintiff KIMONE NUNIS sustained as a result of the negligent actions of the above-specified officer defendant(s) that she witnessed as a bystander?

$______________________________

Proceed to Question No. 12.

12. [*Wrongful Death and Loss of Familial Relations*.] If your answer to Question Nos. 3 or 7 was "Yes," what sum or money, if any, do you find that will reasonably and fairly compensate the Plaintiffs for the following harms as a result of the wrongful death of ORAL W. NUNIS, SR.?

(a) What are ROXIE NUNIS's damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

(b) What are NAOMI NUNIS's damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

(c) What are ABIGAIL NUNIS's damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

(d) What are J.C.N.'s non-economic damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$________________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$________________________________

(e) What are KIMONE NUNIS's damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training. and guidance:

$________________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training. and guidance:

$________________________________

(f) What are LUDECEA NUNIS's damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$________________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$________________________________

(g) What are ANDRE NUNIS's damages?

Past loss of Oral Nunis' love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Future loss of Oral Nunis' love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

(h) What are ORAL W. NUNIS, JR.'s damages?

Past loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Future loss of ORAL W. NUNIS, SR.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support, training, and guidance:

$______________________________

Proceed to Question No. 13 (Issue 9).

**ISSUE 9: COMPARATIVE FAULT**

13. If your answer to Question Nos. 3 or 4 or 7 was Yes and your answer to Question Nos. 9 or 12 (or both) was an award of negligence damages, was ORAL W. NUNIS, SR. also negligent during the incident?

YES _______ NO _______

If you answered "Yes" to this Question, proceed to Question No. 14.

If you answered "No" to this Question, skip Question No. 14 and proceed to Question No. 15.

14. What percentage of responsibility for the death and/or injuries to ORAL W. NUNIS, SR. or to plaintiffs do you assign to the negligent conduct, if any, of the following persons (remembering that you may only enter a percentage here for any officer defendant where you also answered Question Nos. 2 or 6 "Yes" for that specific officer defendant above)?

| | |
|---|---|
| ORAL W. NUNIS, SR. | ____________% |
| Agent EVAN LINNEY | ____________% |
| Officer MANUEL PADILLA | ____________% |
| Officer BRIAN OLSON | ____________% |
| Officer DAVID RIVERS | ____________% |
| TOTAL | 100 % |

Proceed to Question No. 15 (Issue 10).

**ISSUE 10: PUNITIVE DAMAGES**

15. If your answer to Question No. 2 was "Yes" for any officer defendant, was the conduct of such above-specified officer defendant(s) malicious, oppressive, or in reckless disregard of the rights of ORAL W. NUNIS, SR. (remembering that you may only enter a "Yes" here for any officer defendant where you also answered Question No. 2 "Yes" for that specific officer defendant above)?

| | | |
|---|---|---|
| Agent EVAN LINNEY | YES ________ | NO ________ |
| Officer MANUEL PADILLA | YES ________ | NO ________ |
| Officer BRIAN OLSON | YES ________ | NO ________ |
| Officer DAVID RIVERS | YES ________ | NO ________ |

Please date and sign this Verdict Form in the space provided on the next page.

Please date, sign, and return this Verdict Form to the Court Clerk.

I hereby certify that this verdict is unanimous.

Date: 04/30/2024 Time: 2:07

Signed:

# EXHIBIT C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ORAL W. NUNIS, SR., by and through ROXIE A. NUNIS, individually and as Administratrix of the ESTATE; and NAOMI NUNIS, Individually; ABIGAIL TABITHA NUNIS, Individually; and WILLIE MAE KIRKLAND as Guardian ad Litem for J.C.N.; KIMONE NUNIS; ORAL W. NUNIS; ANDRE NUNIS; and LUDECEA NUNIS,<br>Plaintiffs,<br>v.<br>CITY OF CHULA VISTA, BRIAN OLSEN, EVAN LINNEY, DAVID RIVERS, and MANUAL PADILLA,<br>Defendants. | Case No.: 21-CV-1627 TWR (DEB)<br><br>**JUDGMENT** |

After a Jury Trial conducted on April 16–30, 2024, the Jury has rendered a Verdict that necessitates granting Judgment to Defendants on all of Plaintiffs' claims in this action.[1]

[1] The enumeration of the causes of action in this matter is based on the Second Amended Consolidated Complaint for Damages (ECF No. 230).

In light of the Final Pretrial Conference Order entered on July 14, 2023 (ECF No. 106); the Court's prior Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 92); and the Court's rulings on April 12, 2024, dismissing with prejudice all of Plaintiffs' claims against Defendants Officer JORDAN SALVADOR and Sergeant KENNETH HICKS and dismissing them as Parties to the action (ECF No. 219), and on January 25, 2024, dismissing all Doe Defendants (ECF No. 144), certain claims by Plaintiffs, as specified herein below, were at issue when the case was submitted to the Jury on April 29, 2023.

On April 30, 2023, shortly after 2:00 p.m., the Jury rendered its Verdict, which was entered that same day:

**ISSUE 1: PRE-FORCE TACTICAL NEGLIGENCE (*Hayes* Negligence)**

1. During the incident at issue, before any force or restraint was used on ORAL W. NUNIS, SR. by any officer, did the defendant police officer engage in unreasonable tactical conduct leading up to and precipitating that officer's use of force that could have caused that officer's subsequent use of force to be unreasonable under California law?

Agent EVAN LINNEY YES ________ NO ___X___

**ISSUE 2: USE OF FORCE (§ 1983 Excessive Force, Battery, Negligence in Force, Bane Act Violation)**

2. During the incident at issue, did one or more of the defendant police officers use excessive or unreasonable force or restraint on ORAL W. NUNIS, SR.?

Agent EVAN LINNEY YES ________ NO ___X___
Officer MANUEL PADILLA YES ________ NO ___X___
Officer BRIAN OLSON YES ________ NO ___X___
Officer DAVID RIVERS YES ________ NO ___X___

Accordingly, in light of the jury's verdict, the Court hereby **ENTERS JUDGMENT** in this case as follows:

1. On the First Cause of Action for Civil Rights Violations – Wrongful Death pursuant to the Bane Act, Cal. Civ. Code §§ 52.1(b), (h), by Plaintiffs ESTATE OF ORAL

W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually, and as Successor in Interest to the ESTATE; NAOMI NUNIS; ABIGAIL T. NUNIS; and WILLIE MAE KIRKLAND as Guardian ad Litem ("G.A.L.") for J.C.N., against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

2. On the Second Cause of Action of Battery – Wrongful Death pursuant to Cal. Gov. Code § 820, by Plaintiffs ESTATE OF ORAL W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually and as Successor in Interest to the ESTATE; NAOMI NUNIS; ABIGAIL T. NUNIS; and WILLIE MAE KIRKLAND as G.A.L. for J.C.N. against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

3. On the Third Cause of Action for Negligence – Wrongful Death (in Pre-Force Tactics and Use of Force) pursuant to Cal. Cal. Gov. Code §§ 820, 815.2, by Plaintiffs ESTATE OR ORAL W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually and as Successor in Interest to the ESTATE; NAOMI NUNIS; ABIGAIL T. NUNIS; and WILLIE MAE KIRKLAND as G.A.L. for J.C.N. against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

4. On the Fourth Cause of Action for Excessive Force (42 U.S.C. §1983) in Violation of the Fourth and Fourteenth Amendments, by Plaintiffs ESTATE OF ORAL W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually and as Successor in Interest

Case 3:25-cv-03332-WVG-DEB Document 3 Filed 11/10/25 PageID.1 Page 4 of 6

to the ESTATE, and All Successors-in-Interest to Decedent Oral Nunis, against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

5. On the Fifth Cause of Action for Denial of Medical Care (42 U.S.C. §1983) in Violation of the Fourth and Fourteenth Amendments, by Plaintiffs ESTATE OF ORAL W. NUNIS, SR., by and through, ROXIE A. NUNIS, Individually, and as Successor in Interest to the ESTATE, and All Successors-in-Interest to Decedent Oral Nunis, against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

6. On the Sixth Cause of Action for Wrongful Death – Negligence pursuant to Cal. Code Civ. Proc. §§ 377.60 and 377.61, by Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

7. On the Seventh Cause of Action for Violation of the Bane Act, Cal. Civ. Code § 52.1, by Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

/ / /

8. On the Eighth Cause of Action, a Survival Action for Assault pursuant to Cal. Gov. Code §§ 820 and 815.2, Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

9. On the Ninth Cause of Action, a Survival Action for Battery pursuant to Cal. Gov. Code §§ 820 and 815.2, Plaintiffs KIMONE NUNIS, ORAL W. NUNIS, ANDRE NUNIS, and LUDECEA NUNIS against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

10. On the Fourteenth Cause of Action for Negligent Infliction of Emotional Distress pursuant to California law by Plaintiff KIMONE NUNIS against Defendants EVAN LINNEY, MANUEL PADILLA, DAVID RIVERS, and BRIAN OLSON, and vicariously against Defendant CITY OF CHULA VISTA, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** on this cause of action and all claims therein. Accordingly, Plaintiffs **SHALL RECOVER NOTHING** as to this claim.

11. In light of the fact that the Jury did not find any constitutional violation here, the Court hereby **ENTERS JUDGMENT IN FAVOR OF DEFENDANTS** as to Plaintiffs' claim for attorneys' fees, and Plaintiffs **SHALL NOT RECOVER ANY SUCH FEES**.

12. In light of the fact that the Jury did not find any predicate for such damages, the Court hereby **ENTERS JUDGMENT IN FAVOR OF THE DEFENDANTS** as to Plaintiffs' claim for punitive damages, and Plaintiffs **SHALL NOT RECOVER ANY SUCH DAMAGES**.

13. To the extent any other claim or cause of action not otherwise specified herein above remained at issue in this action at the time of Trial, the Court hereby **ENTERS JUDGMENT IN FAVOR OF THE DEFENDANTS** as to all remaining claims, and Plaintiffs **SHALL NOT RECOVER ANY SUCH DAMAGES OR OTHER RELIEF** thereon.

**IT IS SO ORDERED.**

Dated: May 8, 2024

Honorable Todd W. Robinson
United States District Judge